In re The TOUR TRAIN PARTNERSHIP, Debtor.

GREG RESTAURANT EQUIPMENT AND SUPPLIES, INC., Plaintiff,

v.

The TOUR TRAIN PARTNERSHIP, Otter Valley Railroad Corporation, Defendants.

Bankruptcy No. 80–00259.
Adv. No. 81–0029.

United States Bankruptcy Court,
D. Vermont.

Oct. 21, 1981.

Gareth H. Caldbeck, Winooski, Vt., for plaintiff.

Norman Cohen, Rutland, Vt., for Otter Valley R. R. Corp.

Andrew W. MacLain of Griffin & Griffin, Ltd., Rutland, Vt., for First Vermont Bank and Trust Co.

John A. Kelley, Middlebury, for debtor.

MEMORANDUM AND ORDER

CHARLES J. MARRO, Bankruptcy Judge.

The Complaint of Greg Restaurant Equipment and Supplies, Inc., for relief from stay and for permission to proceed against the Debtor and Otter Valley Railroad Corporation as a secured creditor filed

March 12, 1981 came on for continued hearing on August 6, 1981.

The Attorney for the Debtor, John A. Kelley, Esquire, filed a Motion in opposition to the Complaint of Greg but did not appear at the continued hearing.

At the preliminary hearing held on April 6, 1981 it was stipulated by the parties that the final hearing could be continued until there had been a determination of the secured claim of Otter Valley Railroad Corporation and the 30-day requirement for the holding of a final hearing was waived.

By Stipulation of the parties approved by this Court by Order entered August 7, 1981, the secured claim of Otter Valley Railroad Corporation was allowed at $85,000.00.

Greg obtained a Judgment against Otter Valley Railroad Corporation in the sum of $7,050.98 in Chittenden Superior Court on November 5, 1980. The Debtor filed its Petition for Relief under Chapter 11 on December 4, 1980. On February 5, 1981, the Chittenden Superior Court issued a Writ of Execution in favor of Greg against Otter Valley Railroad Corporation et al. Greg obtained an Order from the Judge of the Chittenden Superior Court attaching as the goods of the Defendant the amount of $7,050.98 in the hands and possession of the Debtor as Trustee on February 26, 1981. Both the writ of execution and trustee process were in violation of the automatic stay prescribed under § 362 of the Bankruptcy Code.

The procedure instituted by Greg under its Complaint is unusual. By its Complaint Greg seeks to have the automatic stay in favor of the Debtor lifted, pursuant to § 362(d), so that it can proceed against the Debtor and obtain an Order requiring the Debtor to hold for the benefit of Greg the amount of its judgment; i. e., $7,050.98, from any distribution to Otter Valley Railroad Corporation under its allowed secured claim of $85,000.00.

Prior to the filing of its Complaint in Bankruptcy Court Greg attempted in the state court proceeding to levy upon the property of Otter Valley Railroad Corporation in satisfaction of its judgment against that Debtor but Greg discovered from representations made by the Sheriff to whom the execution was forwarded that Otter Valley holds no equity in any property. Greg concedes that there are established liens against the assets of Otter Valley.

■ Greg also admits it is not a creditor of the Debtor. It is not a real party in interest. In the federal courts it is held that the "real party in interest" is the one who, under applicable substantive law, has the right sought to be enforced or the legal right to bring the suit. 59 Am.Jur.2d 399. Greg has no such right. It is a stranger to this proceeding. It clearly comes within the definition of a stranger to an action or proceeding as recited in 47 C.J. 16 as follows:

> "A stranger to an action or proceeding is one who cannot take any part in it, except to intervene or apply for leave to become a party. He is not a party merely because he is directly interested in the result of the action, or because he has an independent claim which he seeks to assert without being named as a party. Further, the term 'stranger to the action', applied especially to a person not concluded by a judgment under the rule of res judicata, designates one who has no direct interest in the subject matter in issue, and who has no right to make a defense, control the proceedings, or appeal from the judgment." Underscoring supplied.

As a stranger to this proceeding it does not qualify as a party in interest which may request the lifting of the automatic stay under § 362 of the Bankruptcy Code. This section specifically provides that the Bankruptcy Court shall grant relief from the stay "on request of a party in interest and after notice and hearing."

■ The purpose of the automatic stay under § 362 is to protect the property of the estate, the property of the debtor, or the property in the custody of the estate. 2 Collier 15th Edition 362–5 § 362.01. Relief from such stay is not intended to permit a non-party to the proceeding to collect a judgment entered by a state court from

which it can obtain the necessary order to enforce such a judgment which in fact Greg has done in this case. It is unfortunate that prior liens against the assets of Otter Valley preclude the satisfaction of Greg's judgment in the state court proceeding. But such a result is not a ground for permitting Greg to interfere with the orderly administration of the estate of the debtor in Bankruptcy Court. Equity dictates the contrary. There are established prior liens against the property of Otter Valley. These are entitled to satisfaction before any payment is made to Greg. Therefore, any distribution to Otter Valley by the Bankruptcy Court should not be impaired by a claim of a creditor which holds a judgment execution subordinate to the aforesaid liens and which was obtained in violation of the automatic stay. The same is true of trustee process instituted by Greg on February 26, 1981. Such actions in violation of the stay are void and without effect. 2 Collier 15th Ed. 362–58 § 362.11; *In Re Elder*, 12 B.R. 491 (Bkrtcy.1981). They are not entitled to enforcement in Bankruptcy Court.

In sum, Greg is not a party in interest within the purview of § 362(d); it is in violation of the automatic stay and it is not entitled to relief on equitable principles.

### ORDER

Upon the foregoing it is ORDERED that the Complaint of Greg for relief from stay filed March 12, 1981 is DISMISSED.