In re J.W. BAKER and Willie Lee Baker, Debtors.

FIRST MAGNOLIA FEDERAL SAVINGS & LOAN ASSOCIATION, Plaintiff,

v.

Willie Lee BAKER, Defendant.

Bankruptcy No. TS82–40249.
Adv. No. ST83–4086.

United States Bankruptcy Court,
N.D. Mississippi,
Greenville Division.

April 5, 1983.

Eugene M. Bogen, of Wynn, Bogen & Mitchell, Greenville, Miss., for plaintiff.

Alsee McDaniel, of North Miss. Rural Legal Services, Greenville, Miss., for defendant.

### JUDGMENT DISMISSING COMPLAINT WITHOUT PREJUDICE AND GRANTING CERTAIN RELIEF UNDER COUNTERCLAIM

KEADY, District Judge.

For the reasons mentioned in the accompanying memorandum opinion; it is

ORDERED AND ADJUDGED that the complaint filed by First Magnolia Federal Savings & Loan Association, plaintiff, be and the same is hereby dismissed without prejudice; and it is further

ORDERED AND ADJUDGED that the foreclosure sale conducted by Eugene M. Bogen, substitute trustee on or about March 1, 1983, as to that certain deed of trust from Willie Lee Green to R.D. Thatcher, trustee for Washington Federal Savings and Loan Association of Greenville, dated July 17, 1972, filed for record on July 18, 1972, of record in Book 1269 at Page 185 of the Land Records of Washington County, Mississippi, as well as any purported substitute trustee's deed executed pursuant thereto, be and the same are hereby set aside and declared null and void; and it is further

ORDERED AND ADJUDGED that debtor/defendant Willie Lee Baker be, and she is hereby granted leave to file appropriate amendments to her proposed plan and other pertinent papers in this case so as to reflect the fact that her husband, debtor J.W. Baker, has died since the filing of the voluntary petition on October 22, 1982; to amend the schedule of secured creditors to show the name of the current owner of the aforementioned deed of trust; and to amend her proposed plan so as to provide for curing the default within a proposed reasonable time frame and making regular current payments to the current owner of said deed of trust; and it is further

ORDERED AND ADJUDGED, in order to provide a reasonable time for plaintiff to notify defendant's attorney as to whether or not said deed of trust will be reassigned, that the aforementioned amendments to be made by said debtor shall not be made sooner than thirty days from the date of entry of this judgment and not later than sixty days from the date of entry of this judgment; and it is further

ORDERED AND ADJUDGED that the Clerk of the United States District Court shall retain a copy of this judgment in his office and shall send the original hereof to the Clerk of the United States Bankruptcy Court for entry in that court's records pursuant to the Emergency Bankruptcy Rule promulgated by this court on December 24, 1982.

### MEMORANDUM OPINION

EUGENE J. RAPHAEL, Bankruptcy Judge.

For the reasons hereinafter mentioned, much of the evidence adduced at the hearing of this adversary proceeding is now moot. The facts essential to this opinion are as follows:

On July 17, 1972, debtor Willie Lee Baker, who was on July 17, 1972, a single person named Willie Lee Green, executed a promissory note in the principal amount of $11,850.00 in favor of Washington Federal Savings and Loan Association of Greenville, legal predecessor to plaintiff, First Magnolia Federal Savings & Loan Association, secured by a deed of trust of record in book 1269 at page 185 of the land records of Washington County, Mississippi, which described the realty collateral as Lots 23 and 24 of Block 1 of the Subdivision of Block 52 of the Skinner Addition to the City of Greenville, Washington County, Mississippi. By assignment dated October 2, 1972, filed for record on November 19, 1973, of record in book 1303 at page 11 of the land records of Washington County, Mississippi, said Washington Federal Savings and Loan Association of Greenville assigned said deed of trust to the Federal Home Loan Mortgage Corporation. The said Federal Home Loan Mortgage Corporation has never reassigned said deed of trust to Washington Federal Savings and Loan Association of Greenville

or to its legal successor, First Magnolia Federal Savings and Loan Association, plaintiff herein.

At some time between July 17, 1972, and October 22, 1982, said Willie Lee Green married J.W. Baker, and the former Willie Lee Green became known as Willie Lee Baker. On October 22, 1982, debtors, J.W. Baker and Willie Lee Baker, filed their joint voluntary chapter 7 petition under the 1978 Bankruptcy Code. On November 19, 1982, said debtors filed their application for conversion of their case from chapter 7 to chapter 13. On November 19, 1982, this court entered its order converting this case from chapter 7 to chapter 13 and appointing Jeffrey A. Levingston, as Chapter 13 Trustee. On November 19, 1982, debtors filed their *chapter 13 statement.* Under said statement neither Washington Federal Savings and Loan Association nor First Magnolia Federal Savings & Loan Association was scheduled as a secured creditor or as an unsecured creditor. However, the *chapter 13 plan* filed on November 19, 1982, listed "Washington Federal Savings & Loan" as a secured creditor (An amended schedule was filed on February 28, 1983, showing "Washington Federal Savings and Loan" as a secured creditor.) On November 22, 1982, this court entered an interim order upon Gil Worth Tire Company, the employer of debtor J.W. Baker, directing deductions from pay for transmittal to Jeffrey A. Levingston, trustee in the chapter 13 case, pending the further order of this court. Although J.W. Baker died on February 13, 1983, and did not testify in this adversary proceeding, his widow, debtor Willie Lee Baker, testified that as a result of the service of a copy of said order upon the employer, debtor J.W. Baker was discharged from his employment and was unable to make payments to the trustee herein. On November 23, 1982, at a meeting of creditors, Jeffrey A. Levingston, chapter 13 trustee, ostensibly abandoned the hereinabove described realty as well as other property. A written "Report of Abandonment" signed by said trustee was received by the clerk of this court on November 29, 1982, and was inadvertently marked filed on November 29,

1982. However, the reverse side of said "Report of Abandonment" bears a penciled notation reading as follows:

"12/15/82 called trustee. He is to contact debtor & creditors that nothing is abandoned in CH 13. Took off docket sheet. PB".

By order entered on January 27, 1983, the Honorable Barney E. Eaton, III, United States Bankruptcy Judge for the Southern District of Mississippi, serving temporarily as a United States Bankruptcy Judge in the Northern District of Mississippi, confirmed debtors' plan which had been filed as aforesaid on November 19, 1982. On January 27, 1983, copies of said order confirming said plan were mailed by the clerk of this court to the corporate entity variously called "Washington Federal Savings and Loan Association", "Washington Federal Savings and Loan" and "First Magnolia Federal Savings & Loan Association" and to other interested parties. A vice-president of said corporate entity acknowledged that said corporate entity had received a copy of said order confirming said plan at some "unknown" time after January 27, 1983.

By its attorney's letter dated January 31, 1983, said corporate entity, plaintiff herein, directed the *Delta Democrat Times,* a newspaper, to publish a foreclosure notice as to the aforementioned deed of trust and as to the hereinabove described realty on February 1, 10, 17 and 24, 1983. Pursuant to said notice, a purported foreclosure sale was conducted on or about March 1, 1983. However, the testimony indicated that no substitute trustee's deed has been filed for record. In that connection, the record indicates that on April 23, 1982, at a time when the aforementioned deed of trust was owned and held by Federal Home Loan Mortgage Corporation, assignee, the said Washington Federal Savings and Loan Association executed an appointment of Eugene M. Bogen as substitute trustee in the place and stead of R.D. Thatcher, trustee, in said deed of trust, the instrument ostensibly accomplishing such substitution being of record in Book 1479 at Page 63 of the Land Records of Washington County, Mississippi.

On March 4, 1983, plaintiff, First Magnolia Federal Savings & Loan Association, filed its complaint against debtor Willie Lee Baker herein, including the following prayer:

"WHEREFORE, Plaintiff prays that upon a hearing of this cause, this Court will enter an Order removing the automatic stay insofar as it applies to the above-described property so as to remove the property from the Debtors' estate and to ratify and confirm the foreclosure conducted by the Substitute Trustee and authorize the Substitute Trustee to execute and deliver to Plaintiff a Substitute Trustee's Deed conveying title to the above-described property to Plaintiff. And Plaintiff prays for such additional relief as may be necessary to protect its security interest in the above-described property".

On March 24, 1983, debtor Willie Lee Baker, as defendant herein, filed her answer and affirmative defenses in response to said complaint. In effect said affirmative defenses constituted a counterclaim for the reason that not only did said pleading pray that the complaint be dismissed, but also said pleading prayed "that the foreclosure sale held by plaintiff will be set aside and declared null and void by reason of the automatic stay provision, 11 U.S.C. section 362(a) of the Bankruptcy Act. Defendant further prays for all other such relief as the Court deems proper."

At the hearing on the complaint and the counterclaim conducted by this court on March 30, 1983, after the evidence disclosed that not only had said deed of trust been assigned to Federal Home Loan Mortgage Corporation, but that said deed of trust has not been reassigned to plaintiff, defendant, through her attorney, asked the court to dismiss the complaint on account of the lack of standing of plaintiff to prosecute this adversary proceeding absent any showing that plaintiff has been a creditor, secured or unsecured, since the filing of debtors' petition on October 22, 1982.

Inasmuch as the automatic stay provided by 11 U.S.C. section 362 became effective upon the filing of said petition on October 22, 1982, and inasmuch as said automatic stay has not been lifted or terminated on any basis provided by 11 U.S.C. section 362(c), a foreclosure sale conducted as to said deed of trust since October 22, 1982, the date of filing of the debtors' petition herein would be void even if there had been a valid abandonment of said real estate herein. Of course no valid abandonment took place in this case because a chapter 13 trustee does not have the duty or power to abandon property included in the chapter 13 estate. See 11 U.S.C. section 1302. Even in a chapter 7 case, where the trustee does have the power of abandonment, the abandonment does not operate to lift or terminate the automatic stay. The following instructive discussion of this principle is found in *In re Charles Wayne Motley,* 10 B.R. 141, 7 B.C.D. 477 (Bkrtcy.1981), a chapter 7 case decided by the United States Bankruptcy Court for the Middle District of Georgia:

"Automatic Stay

Construction of the new Bankruptcy Code as it relates to the automatic stay and abandonment of property is different from the old Bankruptcy Act. In the latter, abandonment by the trustee terminated the stay against property as to all entities. In the former, this is not so because when the trustee abandons property it reverts to the debtor and the automatic stay in 11 U.S.C. section 362(a)(5) continues in effect because 11 U.S.C. section 362(c)(1) includes only property of the estate and not property of the debtor. The property of the debtor is relieved from the automatic stay only by 11 U.S.C. section 362(c)(2). In a complaint for relief from the stay the debtor should be made a party defendant together with the trustee if the trustee has not filed his abandonment ... and in section 362(c)(2), the stay of any other act continues until the happening of identified events—... On the abandonment by the trustee of the real estate in question, it was no longer *property of the estate,* but this does not totally terminate

the stay because the word "and" carries over to number (2) ... In this (5), the stay refers to an act against property *of the debtor.* It, therefore, follows that even though the real estate has been abandoned by the trustee, it continues as property *of the debtor,* and the stay continues in effect."

The dispositive question, however, as to the complaint filed in this adversary proceeding is the questioned standing of plaintiff to file or maintain its complaint. It is uncontradicted in this record that at no time since the filing of debtors' petition on October 22, 1982, has plaintiff owned the aforementioned deed of trust. It is hornbook law that a secured creditor which assigns to a third party its security interest or lien is no longer a secured creditor. In the present status of this record plaintiff has not been a proper party to the chapter 7 case, to the converted chapter 13 case and is not a proper party to the adversary proceeding sub judice. It follows that plaintiff, First Magnolia Federal Savings & Loan Association, and its corporate predecessor, Washington Federal Savings & Loan Association (now a division of plaintiff) lack standing to file or maintain the complaint in this adversary proceeding.

Accordingly, the complaint should be dismissed without prejudice; the prayer of the counterclaim that the purported foreclosure sale conducted on or about March 1, 1983, be set aside and declared null and void should be granted; the counterclaim prayer for general relief should be granted to the extent that debtor/defendant Willie Lee Baker should be granted leave to make appropriate amendments to reflect the fact that her husband, debtor J.W. Baker, has died since the filing of the voluntary petition on October 22, 1982; to amend the schedule of secured creditors to show the name of the current owner of the aforementioned deed of trust and to amend the plan so as to provide for curing the default and making appropriate regular payments to the current owner of said deed of trust. If the deed of trust is to be reassigned, plaintiff should notify defendant's attorney appropriately.

An appropriate order or judgment will be entered herein.

The foregoing memorandum opinion sets forth my findings of fact and conclusions of law. A proposed judgment is submitted herewith for signature by a United States District Judge.