Jerome I. Meyers, White River Junction, Vt., for debtor.

Timothy J. Wells, White River Junction, Vt., for Hanover Bank and Trust Co.

**In re The LEDGES APARTMENTS, A Vermont Partnership, Debtor.**

**Bankruptcy No. 85–39.**

United States Bankruptcy Court, D. Vermont.

Oct. 9, 1985.

### FINDINGS AND ORDER

FRANCIS G. CONRAD, Bankruptcy Judge.

The Ledges Apartments, a partnership, filed for reorganization in bankruptcy under Chapter 11 of the Code. The Hanover Bank and Trust Company ("Hanover") has moved the Court pursuant to Bankruptcy Rules 4001 and 9014 to modify the stay of actions against the partnership automatically imposed by 11 U.S.C. § 362(a). Because Hanover is not a party in interest, as required by 11 U.S.C. § 362(d), the motion is denied.

Hanover asks us to modify the automatic stay of actions against The Ledges Apartments so it can proceed against four individuals who gave the bank unlimited personal guarantees to cover credit extended to Earthworks Greenhouses, Inc. ("Earthworks"), a corporation in Chapter 11 bankruptcy. The guarantors are partners in The Ledges Apartments and officers in Earthworks.

At the final hearing held on August 15, 1985, Hanover attempted to introduce into evidence the personal guarantees of the individuals. Debtor's attorney objected and we sustained because the personal guarantees were not relevant to the proceeding. Hanover was unable to show it was either a creditor or a debtor of the partnership. All parties waived the 30 day limit of 11 U.S.C. § 362(e), and submitted memoranda to buttress their arguments.

Under 11 U.S.C. § 362(d), only a "party in interest" may move to lift or modify a stay. Hanover must be either a creditor or a debtor of the partnership in bankruptcy, a real party in interest under the applicable substantive law of the State of Vermont to invoke the Court's jurisdiction. *In re Comcoach Corporation,* 698 F.2d 571 (2d Cir. 1983). See *In re Tour Train Partnership,* 15 B.R. 401 (Bkrtcy.D.Vt.1981) (judgment creditor of debtor's unsecured creditor not party in interest); *In re Baker,* 29 B.R. 174 (Bkrtcy.D.Miss.1983) (assignee of debtor's creditor not party in interest). Compare *In re Thayer,* 38 B.R. 412 (Bkrtcy.D.Vt.1984) (assignee who has been paid in full not party in interest). Since Hanover has the status neither of a debtor nor of a creditor of The Ledges Apartments, the bank cannot move to modify the automatic stay.

An issue apparently waiting in the wings here is whether the stay created when Earthworks filed under Chapter 11, as a separate case and never consolidated with this case pursuant to Bankruptcy Rule 1015(b), prevents Hanover from proceeding against these individuals. We cannot decide the scope of that stay in the contested matter now before us. We shall address this issue only if and when it is properly raised in the appropriate case.

Accordingly, the motion of the Hanover Bank and Trust Company to modify the automatic stay in this case is DENIED.