**In the Matter of Louis S. GOLDMAN, Debtor.**

**Bankruptcy No. 3-83-00349.**

United States Bankruptcy Court, S.D. Ohio, W.D.

Jan. 21, 1988.

Ira Rubin, Dayton, Ohio, for debtor.

Eugene A. Jablinski, trustee, Dayton, Ohio.

Philip E. Langer, Dayton, Ohio, for First Nat. Bank.

Jeffrey B. Shulman, Dayton, Ohio, for Dayton Spencer, Inc.

DECISION AND ORDER DENYING MOTION OF DAYTON SPENCER, INC. TO SET ASIDE ORDER PERMITTING REJECTION OF EXECUTORY CONTRACT

WILLIAM A. CLARK, Bankruptcy Judge.

This matter is before the court upon a motion of Dayton Spencer, Inc. ("Spencer") to set aside a previous order of this court permitting the trustee in bankruptcy to reject an executory contract. The motion is opposed by the First National Bank, Dayton, Ohio ("FNB"). From an examination of the parties' memoranda of law, the

bankruptcy file of Louis S. Goldman ("Debtor"), and following oral argument, it appears that the following facts are uncontested:

1) In January of 1981 an option to purchase certain real estate was granted to Goldman's, Inc. by Louis S. Goldman and Kimberly J. Goldman, the owners of the real estate. The option price was the balance due on the property's first mortgage. On March 9, 1981 the option was recorded in the Montgomery County Recorder's Office;

2) On February 16, 1983 Louis S. Goldman filed a petition in bankruptcy pursuant to chapter 7 of the Bankruptcy Code;

3) On June 8, 1983 Spencer obtained a judgment against Goldman's, Inc. in state court in the amount of $52,853.90;

4) On May 20, 1986 Spencer filed a suit in state court in the nature of a creditor's bill seeking to attach the option to purchase as an equitable interest of the judgment debtor, Goldman's, Inc., in the real estate;

5) On January 27, 1987 the trustee in bankruptcy filed a motion seeking to reject the option contract as an executory contract pursuant to 11 U.S.C. § 365. Although the trustee was aware of Spencer's state court action, Spencer received no notice of the trustee's motion. The holder of the option, Goldman's, Inc., did not object to the rejection of the option contract;

6) On March 23, 1987 the bankruptcy court entered an order authorizing the trustee in bankruptcy to reject the option contract. Spencer received no notice of the order;

7) On April 7, 1987 the Hon. John W. Kessler of the Common Pleas Court of Montgomery County, Ohio, issued a Decision and Order finding that an unexercised option to purchase is not an attachable equitable interest and denying Spencer's motion for summary judgment;

8) On April 9, 1987, without notice to Spencer, the bankruptcy court issued an order authorizing the trustee in bankruptcy to sell the property free and clear of liens. The property was sold to the City of Day-

ton, Ohio for $285,000. Prior to the sale, the property was encumbered by a first mortgage of approximately $106,000 and certificates of judgment totaling over one million dollars. The option to purchase had been recorded subsequent to the first mortgage and prior to the certificates of judgment;

9) On May 14, 1987 FNB (a party to the state court litigation and the holder of the first certificate of judgment) moved the bankruptcy court for a distribution of the sale proceeds by the trustee in bankruptcy. No notice was sent to Spencer;

10) On June 2, 1987 Spencer filed an appeal of Judge Kessler's order with the Court of Appeals for the Second District of Ohio;

11) On June 19, 1987, without notice to Spencer, the bankruptcy court ordered a distribution of the sale proceeds. As a result, the first mortgage holder received $105,708.62, taxes were paid in the amount of $17,686.59, the trustee in bankruptcy retained $1,233.00 as his fee for the sale, and $160,371.79 was distributed to FNB as the first certificate of judgment holder;

12) On August 5, 1987 Spencer filed its motion with the bankruptcy court to set aside the order authorizing the trustee in bankruptcy to reject the option contract for the reason that it had an interest in the real estate and had been given no notice of the proceedings to reject the option contract;

13) On August 25, 1987 Judge Kessler granted summary judgment in favor of defendant FNB which had previously filed a certificate of judgment against the subject real estate.

## CONCLUSIONS OF LAW

Upon the filing of a motion to assume, reject, or assign an executory contract, Bankr.R. 6006(c) requires that notice of a hearing be sent "to the other party to the contract and to other parties in interest as the court may direct." Of critical importance is whether or not Spencer was a "party in interest" and entitled to notice of the trustee's proposed rejection of debtor's option contract with Goldman, Inc. Unfor-

tunately, the Bankruptcy Code does not define the term "party in interest" and relevant case law is extremely sparse.

While it is clear that Spencer is not a "creditor" of Debtor, that fact alone does not automatically disqualify Spencer as a "party in interest" because the term is functionally broader than the term "creditor." Frequently, such entities as lessees, co-owners and co-obligors of a debtor are regarded by bankruptcy law as "parties in interest" to bankruptcy proceedings. In addition, the Code, although in the context of chapter 11 cases, provides an illustrative, non-exclusive listing of "parties in interest":

> A party in interest, including the debtor, the trustee, a creditors' committee, an equity security holders' committee, a creditor, an equity security holder, or any indenture trustee, may raise and may appear and be heard on any issue in a case under this chapter.

11 U.S.C. § 1109(b). But all of these entities have some type of direct relationship with the debtor, his property or the process of administering his bankruptcy estate. Spencer's relationship with Debtor is not direct, but rather derivative and, in this court's judgment, remote. As such, Spencer is a stranger to Debtor's bankruptcy proceedings, has no claim against the estate's assets (discussed *infra*), and as a general rule has no standing in Debtor's bankruptcy proceedings. *See Greg Restaurant Equipment and Supplies, Inc. v. Tour Train Partnership (In re Tour Train Partnership)*, 15 B.R. 401 (Bankr. Vt.1981).

Besides examining the relationship between Spencer and Debtor (or his property), the court is guided by the basic purposes of bankruptcy law in determining the meaning of "parties in interest." *Roslyn Savings Bank v. Comcoach Corp. (In re Comcoach Corp.)*, 698 F.2d 571, 573 (2d Cir.1983). Essentially, bankruptcy courts are designed to resolve disputes between creditors and debtors and, in chapter 7 cases, to facilitate the orderly and efficient liquidation of a debtor's assets. In this court's opinion the performance of these basic functions of a bankruptcy court would not be possible if creditors of a debtor's creditors were routinely considered "parties in interest." Although the term "party in interest" is broader than the term "creditor," it does not encompass entities that are merely "concerned" with the results of a debtor's bankruptcy proceedings.

The only interest in these proceedings that Spencer possessed at the time the trustee's motion was filed with the bankruptcy court was an expectation or hope that the state court would decide that Spencer could attach the option previously granted to Goldman's, Inc., thereby enabling it to exercise that option to purchase the real estate. Although there are instances where entities can succeed to a creditor's claim against a debtor, e.g. by assignment, there is no legal reason or underlying bankruptcy purpose requiring a bankruptcy court to "wait-and-see" if an entity might some day be successful in attaching a creditor's claim against a debtor's estate.[1] Such an expectation is simply too speculative and contingent to justify recognition of Spencer as a "party in interest." Although the line between interests sufficient to confer "party in interest" status and those insufficient to do so may be blurred, in this court's opinion Spencer's purported interest in Debtor's bankruptcy proceeding clearly falls within the latter category.[2]

---

1. In the instant matter the bankruptcy court was not even aware that Spencer desired the court to postpone the proceedings. Despite Spencer's knowledge of Debtor's bankruptcy (as evidenced by a motion, unrelated to the present motion, filed by it on April 20, 1983), Spencer submitted nothing to this court to indicate it claimed an interest in Debtor's estate until the present motion was filed.

2. It is not at all clear whether an option to purchase real estate is an "executory contract" under bankruptcy law. If it is, then the contract was automatically rejected by the trustee 60 days after Debtor's petition in bankruptcy was filed (11 U.S.C. § 365(d)) and the trustee's motion in 1987 may be viewed simply as a motion to remove a cloud from the property's title. If the option contract was not an "executory contract," then the trustee's motion was a repudiation of a contract and the holder of the

It appears to the court that Spencer has taken the position that by filing its state court action it obtained an interest in the real estate itself as opposed to the option. In its memorandum of law Spencer states that:

> Furthermore, assuming the Trustee did not have actual knowledge of the state court proceedings at the time he filed his motion to reject the option to purchase, the Trustee was still bound by the facts asserted in Spencer's complaint against Goldman's, Inc. which affected the Debtor's interest in the property. Under the doctrine of lis pendens, third persons, including bankruptcy trustees, are charged with notice of any actions pending which affect their interest in the property. (citations omitted) Under Ohio law, formal notice of lis pendens need not be filed in public records in order for the doctrine to apply. The only requirement is that a description of the property appear in the pleadings. O.R.C. § 2703.26. Accordingly, the Trustee cannot convey real property free and clear of liens without first giving notice of the proceeding in bankruptcy court to a litigant in state court who claims an interest in the property under applicable state law.

Doc. No. 97, pp. 4–5.

In seeking to assert an interest in the real estate by virtue of the lis pendens doctrine, Spencer has overlooked the fact that it filed its state court action subsequent to Debtor's petition in bankruptcy and, therefore, while the property was under the *exclusive jurisdiction* of the bankruptcy system. As a result, any act by any entity to create, perfect, or enforce any lien against property of Debtor's estate was prohibited by the automatic stay provisions of 11 U.S.C. § 362. Actions in violation of the stay are traditionally considered a nullity. Therefore, whatever the effect of lis pendens might normally be in Ohio, Spencer's state court action did not create by lis pendens an interest in the real estate because of its status as estate property.

Although not necessary to the disposition of Spencer's motion, the court notes that

Spencer is in pursuit of an option with no value. Even assuming that Spencer had successfully attached the option in state court, it would possess rights no greater than those of the original option holder, Goldman's, Inc. Had Goldman's, Inc. attempted to exercise its option following the bankruptcy of Debtor and successfully purchased the property from the trustee in bankruptcy for $106,000, it would have been the owner of property with liens in excess of one million dollars. The apparent linchpin in Spencer's strategy is the theory that exercise of the option to purchase the real estate would cut off the rights of the subsequent certificate of judgment holders. No Ohio law has been cited by Spencer to support this proposition. In any event, this property was administered by this bankruptcy court and for obvious reasons of equity the court would not have permitted a corporation, controlled by Debtor and his family, to purchase estate property and extinguish, without satisfying, the liens of Debtor's creditors. Spencer's rights would be no greater than those of Goldman's, Inc. and, therefore, Spencer would also be unable to purchase the property free and clear of all post-option certificates of judgment.

An examination of the relationship among Spencer and the certificate of judgment holders reveals a similar deficiency in the equitable position of Spencer. At the time of bankruptcy, the property of Debtor was secured by a first mortgage and encumbered by numerous judgment liens. Four years later a creditor of a creditor of Debtor asserts priority over Debtor's judgment lien holders on the basis that it has attached an option to purchase the real estate rather than attaching the real estate itself. Despite any conceptual appeal of Spencer's theory, the court can discern under the facts of this case no equitable basis to pay a creditor of Goldman's, Inc. out of the assets of Debtor prior to paying the Debtor's own creditors. The certificates of judgment would not have been extinguished by this court had Spencer been able to exercise the option to purchase.

option, Goldman's, Inc., had the right to object.

No such objection was filed.

For the reason that Dayton Spencer, Inc. is not a "party in interest" to Debtor's bankruptcy proceedings and, therefore, not entitled to notices regarding those proceedings, the motion of Dayton Spencer, Inc. is DENIED.