In re MILO RIDGE RESORT & EXECU-
TIVE CONFERENCE CENTER d/b/a
Rose Island Yacht Club, George Dum-
storf, General Partner, Debtor.

UNITED McGILL CORPORATION,
Plaintiff,

v.

MILO RIDGE RESORT & EXECUTIVE
CONFERENCE CENTER d/b/a Rose
Island Yacht Club, George Dumstorf,
General Partner, Defendant.

Bankruptcy No. 3–82–02467.
Adv. No. 3–82–0391.

United States Bankruptcy Court,
W.D. Kentucky.

Nov. 12, 1982.

See also, 26 B.R. 280.

Fonda V. McClellan, LaGrange, Ky., for debtor.

Joseph C. Souza and Charles E. Theiler, II, Louisville, Ky., for plaintiff.

## MEMORANDUM AND AMENDED ORDER

G. WILLIAM BROWN, Bankruptcy Judge.

The debtor, Milo Ridge Resort & Executive Conference Center d/b/a Rose Island Yacht Club, George Dumstorf, General Partner, filed a petition for relief under the provisions of Chapter 11 of the Bankruptcy Code on November 8, 1982. On the same date, an adversary proceeding was filed on behalf of plaintiff seeking an order lifting the automatic stay pursuant to 11 U.S.C. § 362(d)(1), and for other relief.

## Findings of Fact

The plaintiff, United McGill Corporation, is the holder of a perfected security interest in property of the estate of the debtor. The nature of the security consists of a United flotation system comprising floating docks, marinas, and boat slips manufactured by the plaintiff and utilized by the defendant in its operation at the Rose Island Yacht Club. The security agreement was dated March 10, 1981, and the security agreement and financing statement were filed in the Oldham County Clerk's Office at LaGrange, Kentucky, on April 15, 1981. The purchase price for the system was the sum of $236,-322.00. It is uncontroverted that as of the date of the hearing held by this Court, total payments made thereon was the cash down payment of $22,140.00, no further payments having been made.

Thereafter, in an action instituted in the Oldham Circuit Court, a writ of possession was issued by said court on November 4, 1982, entitling the plaintiff herein to the transfer of the property in question upon the posting of a bond in the sum of $500,-000.00, with good and sufficient surety, before the Oldham Circuit Court, which bond was posted. On November 8, 1982, in accordance with the writ of possession, the plaintiff here visited defendant's place of business with a crew of workmen, tractor, trailers, and cranes for the purpose of the preliminary dismantling and eventual shipment of the property back to plaintiff's plant in Groveport, Ohio. On the same day, and to thwart plaintiff's enforcement of its writ of possession, the Chapter 11 petition for relief was filed before this Court.

On the same day, as previously noted, plaintiff filed this adversary procedure pursuant to Interim Rule 4001, Interim Rules of Bankruptcy Procedure, alleging that continuation of the automatic stay pursuant to § 362 would result in immediate and irreparable injury, loss or damage to plaintiff. A hearing was promptly scheduled for November 9, 1982, at which the parties appeared in person and by counsel on the issue presented by the adversary complaint.

Testimony was taken from representatives of both parties, and the following facts were established:

The balance due the plaintiff representing unpaid balance, accrued interest and sales taxes is the sum of $321,611.00. The property in question is approximately two years old and has a current value of approximately $150,000.00. No evidence in rebuttal to the valuation was offered by defendant to plaintiff's testimony on this question nor to the testimony that such property does not appreciate in value, but in fact depreciates. It is the opinion of the Court that plaintiff has borne its burden of proof to reflect that there is no equity in this property.

On the issue of adequate protection, it was admitted that defendant, pursuant to the writ of possession issued by the Oldham Circuit Court, could have retained the right of possession by posting with said Court an appropriate bond, and as such the plaintiff would have been thereby afforded adequate protection. The defendant testified, however, that it was unable or unwilling to meet this requirement, and in lieu thereof was relying solely upon the automatic stay provisions of § 362 to retain possession. In addition, defendant testified it had no additional collateral to offer, nor could it make additional payments to plaintiff on the indebtedness except for the sum of $35,000.00, which would be paid provided it retained possession of the property until June, 1983, and that no further payments would be made to plaintiff during the interim period. Defendant did offer to pay during this period such sums as may be available from its future sales of memberships, but the total to be derived from this source is speculative at best and uncertain as to the amount, if any, to be thus applied.

While defendant alleges that its retention of the property in question is essential to its continued operation, the usage of the property is but one facet of the total business activities comprising the defendant's business operation.

The plaintiff having borne its burden of proof pursuant to § 362(g), the defendant

has the burden of proof on the issue of adequate protection.

### Conclusions of Law

■ 1. In order to prevail, defendant must show that plaintiff is adequately protected as set forth in 11 U.S.C. § 362. 11 U.S.C. § 362 states in its pertinent part:

"(d) On request of a party in interest . . . the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay—

(1) for cause, including the lack of adequate protection of an interest in property of such party in interest. . . ." 11 U.S.C. § 362(d).

2. 11 U.S.C. § 361 provides:

"When adequate protection is required under section 362, 363, or 364 of this title of an interest of an entity in property, such adequate protection may be provided by—

(1) requiring the trustee to make periodic cash payments to such entity, to the extent that the stay under section 362 of this title use, or lease under section 363 of this title, or any grant of a lien under section 364 of this title results in a decrease in the value of such entity's interest in such property;

(2) providing to such entity an additional or replacement lien to the extent that such stay, use, sale, lease, or grant results in a decrease in the value of such entity's interest in such property; or

(3) granting such other relief, other than entitling such entity to compensation allowable under section 503(b)(1) of this title as an administrative expense, as will result in the realization by such entity of the indubitable equivalent of such entity's interest in such property.

■ 3. In order to justify relief from the automatic stay, the governing law literally requires that "adequate protection" of the secured creditor's interest in property must be demonstrated. 11 U.S.C. § 362(d). Traditionally, offering adequate protection to the secured creditor has required that "the debtor has an equity in the property or it is necessary to his performance under the plan and . . . the creditor's security will not be impaired by a stay (and) the creditor may be stayed from foreclosing on appropriate conditions to cure defaults and maintain payments on his claim. . . ." 15 *Collier on Bankruptcy,* ¶ 13–401.01 (14th Ed. 1978).

■ 4. It must be remembered that a bankruptcy court is a court of equity. As a court of equity, the bankruptcy court must consider "the impact of the stay on the parties and to consider the 'balance of hurt' in fashioning relief." *Matter of Epps,* 6 B.C.D. 379 (S.D.N.Y.1980), citing 1 *Collier on Bankruptcy,* ¶ 362.07 (15th Ed. 1979).

### Memorandum

■ In the instant case, the adequate protection required of the defendant can be achieved either by conforming to the provisions of § 361 or by the posting of the bond in the state court action which would have entitled defendant to retain possession, but which it elected and chose not to invoke. This twelfth hour effort to retain possession after the issuance of the writ of possession by the Oldham Circuit Court and by the resort to Chapter 11 relief comes only after plaintiff has incurred considerable expense, and is literally ready to remove the unique collateral from the waters of the Ohio River.

In an effort to grant to defendant every opportunity to retain possession if appropriate, an emergency hearing was scheduled rather than proceeding ex parte pursuant to Interim Rule 4001, Interim Rules of Bankruptcy Procedure. There is no question that defendant has no equity in the secured property, and its sole right to retention must rest on plaintiff's being adequately protected. In view of the modest abilities of the debtor, not only currently but through the period to June, 1983, to meet its commitment to the plaintiff, it is the opinion of the Court that defendant has failed to sustain its requisite burden of proof to assure that plaintiff is adequately protected and will not suffer irreparable harm, injury or damage by the retention of the stay provisions. Not only is the plaintiff not adequately protected as to the sums now due and owing, but in addition no provision is made or suggested by the de-

fendant to cover the interest which will continue to accrue until June, 1983, a point at which defendant states meaningful payments will again commence to plaintiff pursuant to its now proposed relief under Chapter 11.

It must be further noted that the interest which would accrue during this period would exceed the limited monetary cash amount of $35,000.00 which defendant has offered to pay to retain the protection of the stay provisions.

This Memorandum and Amended Order constitutes Findings of Fact and Conclusions of Law pursuant to Rule 752, Rules of Bankruptcy Procedure.

In view of all of the foregoing and for the above reasons, and the Court being otherwise sufficiently advised,

IT IS ORDERED AND ADJUDGED that the automatic stay pursuant to 11 U.S.C. § 362 be and is lifted as to this plaintiff. This is a final order, amending the Order entered November 10, 1982.