Leo Edward NORTON, et al., Plaintiffs,

v.

**HOXIE STATE BANK, Defendant.**

No. 84–1758.

United States District Court, D. Kansas.

June 4, 1986.

Dan E. Turner, Topeka, Kan., for plaintiffs.

William H. Zimmerman, Jr., Wichita, Kan., Emily Metzger, Asst. U.S. Atty., Carol Park, U.S. Trustee, Wichita, Kan., for defendant.

## MEMORANDUM AND ORDER

CROW, District Judge.

This case is before the court on the debtors' appeal from a decision of the bankruptcy court filed September 11, 1984. In that decision, the bankruptcy court dismissed the debtors' Chapter 11 proceeding, alluded to the debtors' recent filing of a separate Chapter 13 proceeding, and held that the lift of the automatic stay previously granted to Hoxie State Bank in the course of the Chapter 11 proceeding would remain in full force and effect in the debtors' Chapter 13

proceeding. The facts of this case are not in dispute and will not be repeated herein.

The debtors' sole argument on appeal is that the property subject to the lien of Hoxie State Bank revested in the debtors upon the bankruptcy court's dismissal of the Chapter 11 proceedings. It is argued that continuing the relief from the automatic stay is inconsistent with the provisions of the Bankruptcy Code, specifically 11 U.S.C. § 349(b)(2) & (3).

> That statute provides in pertinent part:
>
> (b) Unless the court, for cause, orders otherwise, a dismissal of a case ...
>
> > (2) vacates any order, judgment, or transfer ordered, under section 522(i)(1), 542, 550, or 553 of this title; and
> >
> > (3) revests the property of the estate in the entity in which such property was vested immediately before the commencement of the case under this title.

The notes of the Committee on the Judiciary, Senate Report No. 95–989, Pub.L. 95–989, Nov. 6, 1978, clarify the effect of subsection (b) by stating:

> Subsection (b) specifies that the dismissal ... vacates any order, judgment, or transfer ordered as a result of the avoidance of a transfer, and revests the property of the estate in the entity in which the property was vested at the commencement of the case. The court is permitted to order a different result for cause. The basic purpose of the subsection is to undo the bankruptcy case, as far as practicable, and to restore all property rights to the position in which they were found at the commencement of the case.

■ Section 349(b)(2) affects only the specific actions delineated in that subsection and does not include an order granting relief from an automatic stay pursuant to 11 U.S.C. § 362. Indeed, the inclusion of such an order would offend logic and common sense, as once a bankruptcy proceeding is dismissed the automatic stay provision is of necessity correspondingly vacated. *See* 11 U.S.C. § 362(c)(2)(B). A dismis-

sal of a bankruptcy case acts, in effect, as a grant of relief from any automatic stay previously in effect.

Even if 11 U.S.C. § 349(b) applied to and therefore vacated an order granting relief from an automatic stay, the statute permits the bankruptcy court to order "for cause" a different result, *i.e.,* find the relief from the stay to be in full force and effect. Although the term "for cause" is not defined in Chapter 11, the notes of the committee on the judiciary indicate that the bankruptcy court will make the "appropriate orders to protect rights acquired in reliance on the bankruptcy case."

■ Similarly, 11 U.S.C. § 362(d) provides that the bankruptcy court, on request of a party in interest, shall grant relief from the automatic stay "for cause," including the lack of adequate protection of an interest in property of such party in interest. The "cause" standard is broad and extends beyond the concept of a lack of adequate protection mentioned in the statute. *See In re Regency Woods Apartments, Ltd.,* 686 F.2d 899, 902 (11th Cir. 1982); *see also In re Comcoach,* 698 F.2d 571, 573 (2d Cir.1983).

■ In the present case it is uncontested that Hoxie State Bank, acting in reliance upon previous orders of the bankruptcy court, has taken possession of and sold its collateral, but for the possible exception of certain titled vehicles held for sale pending further order of the bankruptcy court. The bankruptcy court could, within the proper exercise of its discretion, continue the relief from the stay to protect Hoxie State Bank's actions taken pursuant to its rights acquired as a secured creditor.

The record also demonstrates that the bankruptcy court could have found from the unique posture of the bankruptcy case good cause to continue relief from the stay. The debtors' Chapter 13 proceeding was filed on August 13, 1984, to "gain time to establish their position that the Hoxie State Bank has an unperfected security agreement with the debtors." (Debtor's Motion to Dismiss Chapter 11 Bankruptcy Proceed-

ings, p. 2). In their motion to dismiss the Chapter 11 proceedings, heard September 6, 1984, the debtors stated filing Chapter 13 petitions would allow them to "proceed with their farming operation, obtain the reestablishment of the automatic stay for bankruptcy actions, eliminate the need for timeconsuming [sic] report making to the U.S. Trustee's Office, and ensure a more timely provision of payment to the legitimate creditors that the debtors have." *Id.*

 The bankruptcy court granted the motion to dismiss the Chapter 11 proceeding, perhaps in recognition of the fact that a debtor cannot properly be in more than one voluntary bankruptcy proceeding at one time. *See Prudential Ins. Co. of America v. Colony Square Co.*, 29 B.R. 432 (W.D.Pa.1983). However, the court stated its granting of that motion was "subject to the express condition that lifts or modifications of the automatic stay heretofore granted to creditors herein shall remain in full force and effect in any other bankruptcy proceedings filed by debtors." By extending the lift of stay from the Chapter 11 to the Chapter 13 proceedings, the bankruptcy court preserved the status quo of the parties and prevented the debtors from achieving in the Chapter 13 proceeding relief the court had specifically prohibited in the Chapter 11 proceeding. The court finds this action to be within the broad power of the bankruptcy court, as a court of equity, to balance the hardships of the affected parties and to fashion relief from an automatic stay accordingly. *See Elliott v. Hardison*, 25 B.R. 305 (E.D.Va. 1982); *In re Milo Ridge Resort & Executive Conference Ctr.*, 26 B.R. 277 (Bkrtcy. W.D.Ky.1982).

Debtors also contend a separate hearing is necessary under 11 U.S.C. § 362(d) for relief from an automatic stay. Subsection (d) provides that the bankruptcy court may grant relief from an automatic stay on request of a party in interest and after notice and a hearing. The bankruptcy court granted Hoxie State Bank prospective relief from an automatic stay in Chapter 13 proceedings not at a hearing specifi-cally called for that purpose, but at the hearing on debtors' motion to dismiss the Chapter 11 proceeding. The record reflects that the debtors argued their motion to reinstate the automatic stay at the hearing on their motion to dismiss, and voiced no objection to that procedure. Under these circumstances, the court does not find the absence of a separate hearing to constitute reversible error.

IT IS THEREFORE ORDERED that the decision of the bankruptcy court is affirmed.