FAGG, Circuit Judge.
 

 The United States of America (the Government) brought suit against Standard State Bank (the Bank) claiming the Bank, by virtue of its sale of assets formerly belonging to Omni Electric Co., converted property subject to a federal tax lien and failed to honor a federal tax levy. The district court granted the Bank’s motion for summary judgment, and the Government appeals. We affirm.
 

 When Omni Electric Co. (the Debtor) filed a petition for chapter eleven reorganization in August 1984, the Government and the Bank held competing liens against the Debtor’s inventory and accounts receivable. The Government held a tax lien and the Bank a perfected security interest. In May 1985, the bankruptcy court confirmed a plan of reorganization under which “the Government surrendered [its] tax lien rights for anticipated favorable treatment as an unsecured creditor.”
 
 United States v. Standard State Bank, 91
 
 B.R. 874, 876 (W.D.Mo.1988). Under the same plan, the Bank retained its security interest in the Debtor’s property.
 
 Id.
 
 The bankruptcy court conditioned its confirmation of the Debtor's plan on the court's “retention of jurisdiction ... for all purposes until full consummation of the plan.”
 
 In re Omni Elec. Co.,
 
 No. 84-02639-3-11 (Bankr.W.D.Mo. May 23, 1985) (order confirming Debtor’s plan).
 

 Almost immediately, the Debtor fell behind on its plan obligations. The Government returned to the bankruptcy court seeking dismissal of the Debtor’s action or conversion of the action into a chapter seven proceeding. The Bank, meanwhile, moved for relief from the automatic stay of bankruptcy. Eleven months after confirming the Debtor’s plan and following hearings on a dispute between the Government and the Bank over lien priority, the bankruptcy court granted the Bank’s motion to lift the automatic stay and dismissed the chapter eleven proceeding.
 

 The Government now contends dismissal of the chapter eleven proceeding automatically restored the tax lien the Government held when the Debtor filed its reorganization petition,
 
 see
 
 11 U.S.C. § 349(b)(3) (1982), and reinstated the lien’s statutory priority,
 
 see
 
 26 U.S.C. § 6323(c)(1), (2) (1982). The Government claims section 349(b)(3) requires automatic restoration to the Debtor of all prepetition property, complete with liens:
 

 (b) Unless the [bankruptcy] court, for cause, orders otherwise, a dismissal of a case ...
 

 (3) revests the property of the estate in the entity in which [the] property was vested immediately before the commencement of the case....
 

 See In re Nash,
 
 765 F.2d 1410, 1414 (9th Cir.1985). The Government also claims the Bank failed to secure an order for cause that would interrupt automatic revesting under section 349(b)(3). We must disagree. Our review of the hearings conducted by the bankruptcy court leads us to conclude the court’s ruling dismissing the Debtor’s chapter eleven proceeding was a section 349(b) order foreclosing reinstatement of the Government’s lien on the Debtor’s inventory and accounts receivable.
 

 Shortly before the bankruptcy court heard the Government’s motion to dismiss or convert the Debtor’s proceeding, the court learned the Government and the Bank disagreed “over who [had] first [claim] to the ... [Debtor’s] accounts receivable and inventory.” Government’s Report to the Bankruptcy Court at 1,
 
 In re Omni Elec. Co.,
 
 No. 84-02639-3-11 (Bankr.W.D.Mo.1986). When the hearing commenced, the court reminded the parties it retained jurisdiction over all matters in the Debtor’s case and declared its intention to decide the priority dispute. The court thus denied the Government’s motion to dismiss, informed the parties it would schedule another hearing to “determin[e] [which party] ha[d] the right to the [Debt- or’s] property,” and invited the Government to file a complaint under Bankruptcy
 
 *187
 
 Rule of Procedure 7001 asserting the basis for its claim that the tax lien was superior to the Bank’s security interest.
 

 The Government did not file a complaint stating its position, but did move to have the dismissal motion reconsidered. As promised, the bankruptcy court scheduled another hearing. All parties received notice from the court that this hearing would address both “the [Bank’s pending] motion for relief from the automatic stay and all other existing issues [between] the parties.”
 
 In re Omni Elec. Co.,
 
 No. 84-02639-3-11 (Bankr.W.D.Mo. Apr. 3, 1986) (order setting hearing on Bank’s motion to lift stay).
 

 Two weeks later, the Bank’s motion for relief from the automatic stay and the Government’s motion for reconsideration came before the bankruptcy court without objection to the court’s procedures.
 
 See In re Command Servs. Corp.,
 
 102 B.R. 905, 908 (Bankr.N.D.N.Y.1989). At the hearing, the Bank relied on the contention asserted in its motion for relief from the stay: because the Government permanently surrendered its tax lien when the bankruptcy court confirmed the Debtor’s reorganization plan, the Bank alone held a lien enforceable against the Debtor’s inventory and accounts receivable. The Bank also emphasized the Government’s failure to oppose the Bank’s motion. The Bank asked the court to remove the stay at once so the Bank could “dispose of the [Debtor’s assets] as quickly as possible.” The bankruptcy court clearly appreciated the legal significance of the Bank’s request, stating “if [the court] grant[s] the relief from the stay, Standard State Bank wins.” For its part, the Government merely reasserted the case should be converted or dismissed. The court also realized that “[i]f [it granted] the conversion or dismissal, the [Government would] win[].”
 

 With this understanding, the bankruptcy court entered a two-part order. The first part “granted [the Bank] relief from the automatic stay.”
 
 In re Omni Elec. Co.,
 
 No. 84-02639-3-11 (Bankr.W.D.Mo. May 6, 1986) (written order memorializing dismissal). The second part of the order, entered after the Government and the Bank conceded that relieving the Bank from the automatic stay left the Debtor’s estate with “nothing [more] to administer,” dismissed the Debtor’s proceeding.
 
 Id.
 
 The Bank later sold the Debtor’s inventory and accounts receivable to a third party.
 

 Although the bankruptcy court’s order is not a model of clarity, we nonetheless construe the order to give full effect to the purpose the court intended it to accomplish.
 
 See Anderson v. Stephens,
 
 875 F.2d 76, 80 (4th Cir.1989) (per curiam). Four factors shed light on the bankruptcy court’s intent: First, the court retained jurisdiction “for all purposes” in the Debtor’s chapter eleven proceeding; second, the court was committed to resolving the question of lien priority disputed by the Government and the Bank; third, the court unquestionably understood that granting the Bank’s motion to lift the automatic stay would allow the Bank alone to assert a lien against the Debtor’s inventory and accounts receivable; and finally, the court dismissed the chapter eleven proceeding only after releasing all of the Debtor’s assets to the Bank’s control and after both the Government and the Bank agreed to the dismissal. In light of these factors, we conclude the bankruptcy court’s dismissal order was an order for cause under section 349(b) precluding reinstatement of the Government’s tax lien against the Debtor’s inventory and accounts receivable and “overridpng] any contrary statutory presumptions regarding the effects of a [section 349(b)(3) ] dismissal.”
 
 Standard State Bank,
 
 91 B.R. at 877.
 

 The bankruptcy court’s dismissal order — whether or not a correct determination on the merits of the priority question— was a final, appealable order.
 
 Tringali v. Hathaway Mach. Co.,
 
 796 F.2d 553, 557-58 (1st Cir.1986);
 
 see In re Leimer,
 
 724 F.2d 744, 745 (8th Cir.1984). The Government failed to pursue an appeal. We thus agree with the district court that “the Government’s failure to take any action [on the bankruptcy court’s order] to obtain restoration of [the Government’s] lien rights[]
 
 *188
 
 must be adjudged fatal to its claim here.”
 
 Standard State Bank,
 
 91 B.R. at 879.
 

 Although we rely on a ground not relied on by the court below, we affirm the district court’s grant of summary judgment for the Bank.