In the Matter of **MULBERRY CHESTERTON INN, L.P.,**
Debtor.

**BUCKHEAD AMERICAN CORPORATION,**
Movant,

v.

**MULBERRY CHESTERTON INN, L.P.,** Respondent.

**Bankruptcy No. 90–40459.**

United States Bankruptcy Court, S.D. Georgia, Savannah Division.

June 23, 1992.

James P. Smith, Macon, Ga., Arnall Golden & Gregory, for Buckhead American Corp.

Mark Bulovic, Savannah, Ga., for debtor.

Grant T. Stein, Atlanta, Ga., for NationsBank.

Jack K. Berry, Asst. U.S. Trustee, Savannah, Ga., for the U.S.

## MEMORANDUM AND ORDER ON MOTION TO DECLARE MEMORANDUM AND ORDER AND JUDGMENT IN FULL FORCE AND EFFECT

LAMAR W. DAVIS, Jr., Chief Judge.

The above-captioned Motion was filed by Buckhead American Corporation, formerly known as Days Inn of America, Inc., seeking an order under 11 U.S.C. Section 349(b) that the Memorandum and Order of this Court dated March 30, 1992, and the Judgment entered thereon filed April 2, 1992, in Adversary Proceeding Number 91–4020, be declared to remain in full force and effect notwithstanding any subsequent dismissal of the within Chapter 11 proceeding.

That Order held generally that Days Inn of America, Inc., which made substantial payments pursuant to a guaranty in partial satisfaction of the first deed to secure debt of the property which is the subject of this Chapter 11 case, is subrogated to the rights of the holder of the first deed to secure debt pursuant to 11 U.S.C. Section 509. The principal amount of the advances thus subrogated totalled $944,071.76 and pursuant to that Order Movant would be entitled to satisfaction of that sum of money subject only to satisfaction of the first deed to secure debt held by Citizens and Southern Trust Company, now NationsBank, but ahead of any payments to the holder of the second deed to secure debt, Bank South, N.A. NationsBank filed a response objecting to Buckhead's Motion and the matter was orally argued before the Court on May 20, 1992. I have considered the citations contained in the briefs of the parties and the oral argument and conclude that the Motion should be granted.

The Motion is brought pursuant to 11 U.S.C. Section 349 which provides in relevant part as follows:

(b) Unless the court, for cause, orders otherwise, a dismissal of a case other than under section 742 of this title—

(1) reinstates—

(A) any proceeding or custodianship superseded under section 543 of this title;

(B) any transfer avoided under section 522, 544, 545, 547, 548, 549, or 724(a) of this title, or preserved under section 510(c)(2), 522(i)(2), or 551 of this title; and

(C) any lien avoided under section 506(d) of this title;

(2) vacates any order, judgment, or transfer ordered, under section 522(i)(1), 542, 550, or 553 of this title; and

(3) revests the property of the estate in the entity in which such property was vested immediately before the commencement of the case under this title.

Movant contends that since my Order was based on interpretation of 11 U.S.C. Section 509 and since Section 349 makes no mention of vacating orders or judgments pursuant to that section, such an order by necessary implication is unaffected by dismissal of the case. NationsBank in essence argues that the revesting of property of the estate under subsection (3) should be free of any restructuring of liens which occurred during the case and free of any post-petition judgments.

I find that argument unpersuasive based on my reading of the cases on which the parties rely and on the plain language of the statute which simply provides that property will be revested in the entity in which it was vested prior to commencement without any express suggestion that liens created during bankruptcy or priorities of liens adjudicated during bankruptcy would in any way be disturbed.

NationsBank relies on several cases in support of its objection. In *Cimo v. Petty (Matter of Petty)*, 848 F.2d 654 (5th Cir. 1988), debtor failed to timely assume a lease and the lessor moved the Bankruptcy Court to rule that the lease was automatically rejected. Debtor then moved to dismiss his case, and the court granted that motion and subsequently denied the lessor's motion. The Fifth Circuit simply held that the Bankruptcy Court lacked jurisdiction to act on the lessor's motion once it had dismissed the case. While there is language that the purpose of Section 349 is "to restore property rights to their pre-action status" the court was speaking in the context of an unresolved motion to reject the lease. It did not suggest that, if the motion had been granted prior to dismissal, the order rejecting the lease would not have been binding post-dismissal. In *United States v. Standard State Bank*, 905 F.2d 185 (8th Cir.1990), the Eighth Circuit affirmed a District Court finding that a final unappealed-from order confirming a Chapter 11 plan which had the effect of removing the government's lien status in certain of debtor's receivables survived the later dismissal of the case when debtor defaulted. The District Court held that *res judicata* barred relitigation of the lien priority issue and that 11 U.S.C. Section 349 did not expressly provide for restoration of lost lien rights. 91 B.R. 874, at 878–79. The Circuit Court affirmance was based on the first ground in that the Bankruptcy Court had, prior to dismissal, lifted the automatic stay in order to permit the Bank to repossess its collateral, thus recognizing its lien as superior to the United States. The Eighth Circuit expressly declined to address the merits of the priority question and instead held the order of dismissal, following the lift stay order, in which the priority question was addressed was final and unappealable. *United States v. Standard State Bank, supra* at 187. I conclude that the cases relied on by Nations-Bank are not controlling.

While there is little authority in support of Movant's position, I agree with the general conclusion in *Collier* that "courts have refused to extend the reinstatement effect of Section 349(b) beyond its expressly enumerated provisions." 2 *Collier on Bankruptcy*, ¶ 349.03 at 349–11 (15th Ed.1991). Of all the cases cited for that proposition I find *BSL Operating Corp. v. 125 East Taverns, Inc. (In re BSL Operating*

*Corp.)*, 57 B.R. 945 (Bankr.S.D.N.Y.1986) and *Citizens First National Bank v. Rumbold & Kuha, Inc. (In re Newton)*, 64 B.R. 790 (Bankr.C.D.Ill.1986) to be the most directly on point. Each case was dismissed after an event had transpired that would only occur in bankruptcy and not under state law. In *BSL* it was the rejection of a lease under 11 U.S.C. Section 365, a creature of bankruptcy. In *Citizens First* it was the non-attachment of a crop lien that would have vested under state law. 11 U.S.C. Section 552. In each case the Bankruptcy Court refused to find that dismissal of the case would retroactively serve to revive the debtor's rights as lessee or the creditor's crop lien because neither Bankruptcy Code section was expressly mentioned in Section 349. *See Norton v. Hoxie State Bank*, 61 B.R. 258 (D.Kan.1986).

Likewise, in the case before me, a final unappealed ruling was entered in the adversary proceeding establishing that under 11 U.S.C. Section 509 the interest of Movant was subrogated to the extent it had made payments to the holder of the first deed to secure debt and was entitled to priority, to the extent of these payments, over the interest of the second deed to secure debt holder of record. Nothing in Section 349 expressly provides that a final determination that a claimant is subrogated should be vacated or set aside. Moreover, despite general language in legislative history and some cases regarding the intent of subsection (c) which "revests" property of the estate I have been cited no controlling authority which holds that such revesting retroactively annuls intervening rights which may have vested or final rulings that have been rendered.

In the absence of such authority the better rule is one which applies prospectively only, except to the extent that Congress has decreed otherwise, expressly, by statute. To do otherwise would lead to great uncertainty and potential mischief. For example, if under Section 364 the Bankruptcy Court granted administrative expense, super-priority, or senior lien status to a creditor during the pendency of the case, the argument could certainly be made that the Section 349(c) revesting restores the debtor to its pre-petition debt structure. Doubtless numerous other questions about the breadth of Section 349 could be raised and the outcome, if not controlled by the express terms of the statute would indeed be uncertain.

As applied to the facts of this case a determination that the subrogation ruling does not survive dismissal would be erroneous. It is not required by statute. It would permit unsuccessful parties to litigate the same issues a second time. It would encourage debtors who unsuccessfully litigate in this Court to dismiss and try again elsewhere, and creditors would be given added incentive, unrelated to the appropriateness of a debtor seeking relief in this Court, to force a dismissal after an adverse ruling.[1] Such a fundamental attack on the finality of Bankruptcy Court judgments surely was not intended by Congress.

---

1. NationsBank raises the point that it was dismissed as a party to the adversary on its Motion to Dismiss and is not bound by the judgment in question. If that is true I cannot comprehend that NationsBank has standing to be heard in opposition to this Motion. Nevertheless, it has vigorously resisted entry of this Order which suggests that its interests must be implicated. If that is true I question how NationsBank could have represented to the Court in its Motion to Dismiss that the complaint failed to state a claim for relief against it. (*See* page 3 of Brief in Support of Motion to Dismiss, AP# 91–4020, Document 6).

If NationsBank's interests are somehow implicated by the judgment, I reject its contention at this late stage that it is not bound. It was made a party defendant and could have asserted its defenses on the merits in that case but elected to seek dismissal. Had it not been joined, and indeed after it obtained dismissal from the case it could have sought intervention pursuant to Bankruptcy Rule 7024 to prevent "impair[ment]" of its ability to protect its interest. Having obtained an order dismissing it, being fully aware of the issues to be resolved in that case, and never having sought to intervene, NationsBank should be estopped to argue that the judgment is not a final determination of all issues raised in that case, however, it may be affected.

I therefore conclude, not only that Section 349(c) is not as broad as argued by NationsBank and that Movant is correct, but that "cause" exists to order that the prior final judgment of this Court entered April 2, 1992, in Adversary Proceeding Number 90–4020, shall survive the dismissal of this case.

SO ORDERED.