CARDAMONE, Circuit Judge:
 

 Plaintiff Roslyn Savings Bank (Bank) seeks modification of the automatic stay occasioned by the filing of a bankruptcy petition by defendant-debtor Comcoach Corporation. The United States Bankruptcy Court (Lifland, J.) refused to modify the stay, and the United States District Court for the Southern District of New York (Loew, J.) affirmed. We affirm.
 

 I
 

 In the spring of 1979 the Bank loaned Jon-Rac Associates a sum of money secured by a mortgage on certain premises. Later that year, and with the consent of the Bank, Jon-Rac Associates conveyed the mortgaged premises to Rhone Holdings Nominee Corporation (Rhone). The Bank simultaneously entered into a written agreement with Rhone under which Rhone agreed to pay the mortgage, and at the same time Rhone leased the property to Comcoach subject to the Bank’s mortgage.
 

 On August 1,1981 Rhone defaulted on its mortgage payments and the Bank instituted a foreclosure proceeding against Rhone in New York State Supreme Court, Suffolk County. Comcoach, the tenant in possession of the mortgaged premises, was neither named as a party-defendant nor served with process. On October 26, 1981 Com-coach filed a reorganization petition to institute Chapter 11 proceedings pursuant to the United States Bankruptcy Code (the “Code”), 11 U.S.C. §§ 1101-74. Since that date the debtor has not paid any rent.
 

 Arguing that it was barred from conducting the state foreclosure action by virtue of the Code’s automatic stay provision, 11 U.S.C. § 362(a)(1) (Supp. V 1981), the Bank commenced the present action in federal
 
 *573
 
 court asking that the automatic stay be lifted under 11 U.S.C. § 362(d)(1), (2) (Supp. V 1981) to enable it to name Comcoach as a party-defendant in the pending state foreclosure action. The Bankruptcy Court denied plaintiff’s request for relief on the ground that the Bank was not a “party in interest” entitled to seek modification of the stay under the Code. An appeal was then taken to the District Court which affirmed the Bankruptcy Court’s decision. Subsequently, the bankruptcy was converted from a Chapter 11 reorganization to a Chapter 7 liquidation of the debtor Com-coach.
 

 II
 

 The automatic stay in bankruptcy is governed by Code section 362 which stays, among other things, the commencement of a lawsuit against the debtor, 11 U.S.C. § 362(a)(1), and any act to obtain possession of property of or from the estate, 11 U.S.C. § 362(a)(3). The statute contains a mechanism for terminating, annulling, modifying or conditioning the stay. Section 362(d) states that a party in interest may request relief from the stay for cause, 11 U.S.C. § 362(d)(1) or, in reorganization cases, when the property is not necessary to an effective plan, 11 U.S.C. § 362(d)(2)(B). Inasmuch as this case was converted from a Chapter 11 reorganization to a Chapter 7 liquidation, the latter section is inapplicable.
 

 To qualify for the “for cause” relief provided in section 362(d)(1), it is necessary that the party seeking such relief be “a party in interest.” 11 U.S.C. § 362(d). The term “party in interest” is not defined in the Code. Generally, the “real party in interest” is the one who, under the applicable substantive law, has the legal right which is sought to be enforced or is the party entitled to bring suit.
 
 Coe v. United States District Court for the District of Colorado,
 
 676 F.2d 411, 415 (10th Cir.1982);
 
 see Lubbock Feed Lots, Inc. v. Iowa Beef Processors, Inc.,
 
 630 F.2d 250, 256-57 (5th Cir.1980);
 
 Virginia Electric & Power Co. v. Westinghouse Electric Corp.,
 
 485 F.2d 78, 83 (4th Cir.1973),
 
 cert. denied,
 
 415 U.S. 935, 94 S.Ct. 1450, 39 L.Ed.2d 493 (1974);
 
 Weniger v. Union Center Plaza Associates,
 
 387 F.Supp. 849, 855 (S.D.N.Y.1974);
 
 see generally,
 
 3A J. Moore & J. Lucas,
 
 Moore’s Federal Practice
 
 ¶ 17.07 (2d ed. 1979); 6 C. Wright & A. Miller,
 
 Federal Practice and Procedure
 
 §§ 1543-1544 (1971).
 

 Whether or not the Bank qualifies as a “party in interest” as that term is generally defined, we agree with the courts below that the Bank was not a “party in interest” within the meaning of the Bankruptcy Code. When interpreting the meaning of Code terms such as “party in interest”, we are governed by the Code’s purposes.
 
 See Kokoszka v. Belford,
 
 417 U.S. 642, 645-46, 94 S.Ct. 2431, 2433-34, 41 L.Ed.2d 374 (1974). One of those purposes is to convert the bankrupt’s estate into cash and distribute it among creditors.
 
 [1]
 

 See Burlingham v. Crouse,
 
 228 U.S. 459, 473, 33 S.Ct. 564, 568, 57 L.Ed. 920 (1913);
 
 In re Thompson’s Estate,
 
 192 F.2d 451, 453 (3d Cir.1951);
 
 Coulter v. Blieden,
 
 104 F.2d 29, 34 (8th Cir.) (chief purpose of bankruptcy is protection of creditors),
 
 cert. denied,
 
 308 U.S. 583, 60 S.Ct. 106, 84 L.Ed. 488 (1939);
 
 cf. In re Pen-Dixie Industries,
 
 6 B.R. 832, 836 (S.D.N.Y.1980) (the purpose of the automatic stay is the protection of the debtor and his estate from creditors). Bankruptcy courts were established to provide a forum where creditors and debtors could settle their disputes and thereby effectuate the objectives of the statute. Necessarily, therefore, the Bank must be either a creditor or a debtor to invoke the court’s jurisdiction.
 

 Support for this view is found in the Code’s legislative history which suggests that, notwithstanding the use of the term “party in interest”, it is only creditors who may obtain relief from the automatic stay.
 
 See
 
 H.R.Rep. No. 95-595, 95th Cong., 1st Sess. 175 (1977), U.S.Code & Admin.News
 
 *574
 
 1978, p. 5787 (“Creditors may obtain relief from the stay if their interests would be harmed by continuance of the stay.”). While the case law is scant, it also supports this position. In
 
 In re Toar Train Partnership,
 
 15 B.R. 401 (Bkrtcy.D.Vt.1981), the court held that a judgment creditor of a creditor of the bankrupt was not a “party in interest” because the judgment creditor was not itself a direct creditor of the bankrupt.
 
 See
 
 15 B.R. at 402. As a stranger to the proceeding the judgment creditor did not qualify to seek modification of the stay which had been imposed when the debtor filed for bankruptcy.
 

 Turning to the particular facts of this case, the Bank is clearly not a debtor. Nor is the Bank a “creditor” of the bankrupt. The Code in pertinent part defines a creditor as an entity that has a claim against either the debtor or the estate, arising at certain specified times. 11 U.S.C. § 101(9)(A), (B) (Supp. V 1981). A claim means a right to payment,
 
 id.
 
 at § 101(4)(A) (Supp. V 1981), or “a right to an equitable remedy for breach of performance if such breach gives rise to a right to payment,”
 
 id.
 
 at § 101(4)(B). The Bank here has no right to payment from the bankrupt, since the bankrupt has no obligation on the mortgage and the bankrupt’s duty to pay rent on its lease runs only to Rhone, not the Bank. Moreover, the Bank lacks any right to equitable relief against the bankrupt arising out of a breach of performance giving rise to a right to payment. Consequently, the Bank possesses no claim against the debtor or the estate, lacks “creditor” status, and cannot move to lift the automatic stay.
 

 Ill
 

 The Bank further expresses concern that if it is not a “party in interest” entitled to seek modification of the stay, it will be barred from continuing its foreclosure action in state court and left without a remedy to enforce its rights under the mortgage. As noted by both lower courts these concerns are premised upon an erroneous view of the law. First, the state foreclosure action, as presently constituted, is not stayed. Until the debtor is named as a party-defendant the action does not affect the bankrupt estate. New York law provides that lessees are necessary parties in foreclosure actions.
 
 See Flushing Savings Bank v. CCN Realty Corp.,
 
 73 A.D.2d 945, 424 N.Y.S.2d 27 (2d Dep’t 1980);
 
 G.B. Seely’s Son, Inc. v. Fulton-Edison, Inc.,
 
 52 A.D.2d 575, 576, 382 N.Y.S.2d 516 (2d Dep’t 1976); N.Y. Real Prop. Acts. Law § 1311(1) (McKinney 1979). Necessary parties are not always indispensable parties, however, whose absence mandates dismissal of the action.
 
 See
 
 N.Y.Civ.Prac.Law § 1001(b) (McKinney 1976). The absence of a necessary party in a foreclosure action simply leaves such party’s rights to the premises unaffected.
 
 See Douglas v. Kohart,
 
 196 A.D. 84, 88, 187 N.Y.S. 102 (2d Dep’t 1921);
 
 Home Life Insurance Co. v. O’Sullivan,
 
 151 A.D. 535, 537, 136 N.Y.S. 105 (2d Dep’t 1912). By failing to name Comcoach as a party-defendant in its foreclosure action, the Bank has left the debtor in exactly the same position as it was in prior to commencement of the suit. Since no interest of the bankrupt estate has been affected, no automatic stay prohibiting the continuance of the state foreclosure action exists.
 

 Our disposition of the Bank’s first argument appears to be of small or no solace for the Bank. After all, its only source of income from this property is the bankrupt tenant in a building rendered nearly unmarketable. But, in response to the Bank’s second concern, we find that it has not been left without a remedy. The Bank has the right to the appointment of a receiver in the state court action. For reasons already noted, plaintiff is not stayed from seeking such an appointment. A court-appointed receiver
 
 would
 
 qualify as a party-in-interest for purposes of section 362(d), since under New York law a receiver steps into the shoes of the mortgagor-debtor, in this case Rhone. The receiver becomes vested with Rhone’s property right and acts as an arm of the court for the creditor-Bank’s benefit.
 
 See United States v. Mr. Hamburg Bronx Corp.,
 
 228 F.Supp. 115, 124-25 (S.D.N.Y.1964) (quoting
 
 Smith v. Meader Pen Corp.,
 
 
 *575
 
 255 A.D. 397, 399, 8 N.Y.S.2d 39 (1st Dep’t 1938)). It would then have rights against Comcoach under applicable substantive law including the right to sue for rent and, therefore, the right to move to lift the automatic stay.
 

 For the foregoing reasons we hold that the Bank is not a party in interest in the bankruptcy proceeding and cannot seek to have the automatic stay vacated or modified so as to name debtor Comcoach a party-defendant in the pending state foreclosure action.
 

 [1]
 

 . Another purpose is to provide a fresh start for the debtor.
 
 Burlingham v. Crouse,
 
 228 U.S. 459, 473, 33 S.Ct. 564, 568, 57 L.Ed. 920 (1913).