Smith asserts that any interest he may have had in the Trust at the time of his petition was a mere "expectancy." Smith argues that under the Will and Trust he held only "the possibility" that Steffen "might choose in the future to contribute property to the Trust." As set forth above, Steffen's Will, profit sharing trust and insurance policies, at the time Smith filed his petition, all named the Trust or the Trustee of the Trust, as legal beneficiaries of those funds, and stated that those funds be distributed to Smith and the other named Trust beneficiaries. The contingent nature of the future value of the funds, the possible changes that could have been made to the documents, or when in fact Smith would be eligible to receive the funds do not destroy the interest Smith held at the time he filed his bankruptcy petition.

**In re Edward M. SMITH, Helen V. Smith, Debtors.**

**Bankruptcy No. 95–70467.**

United States Bankruptcy Court, C.D. Illinois.

Dec. 4, 1995.

John S. Narmont, Springfield, IL, for Debtors.

James A. Lewis, U.S. Attorney, FmHA, Springfield, IL.

Ronald C. Mottaz, Alton, IL, for Mercantile Bank.

Michael D. Clark, Trustee, Peoria, IL.

Mary M. Albert, Brighton, IL, for LNA Family Trust.

### *OPINION*

LARRY L. LESSEN, Bankruptcy Judge.

The issue before the Court is whether a foreclosure action filed against a creditor of the Debtors violated the automatic stay of 11 U.S.C. § 362(a)(1) and (3).

The Debtors, Edward and Helen Smith, filed a petition pursuant to Chapter 12 of the Bankruptcy Code on March 21, 1995. In their schedule of Unexpired Leases, the Debtors listed a 60/40 crop share agreement with Helen Gorham. The Debtors also listed Helen Gorham as a creditor with an unsecured claim of $50,000.00. The Mercantile Bank of Illinois, formerly known as Wedge Bank, was listed as a creditor with a secured claim of $216,000.00. The security for the debt was machinery and the farm of Ms. Gorham, Mr. Smith's mother-in-law.

On July 17, 1995, Mercantile Bank of Illinois filed a Complaint for Foreclosure against Ms. Gorham. The Complaint is based on a January 15, 1992, mortgage wherein Ms. Gorham mortgaged her farm in Jersey County, Illinois, to the Mercantile Bank. Ms. Gorham is the sole owner of the farm. The Debtors are currently farming the land pursuant to their crop share agreement. The Debtors were not named in the foreclosure complaint. However, the Debtors have signed a note to the Bank as comakers, and their Chapter 12 Plan provides for full payment of the debt to Mercantile Bank. In fact, Ms. Gorham has never made payments to the Bank; the Debtors have farmed the property and made the payments to the Bank.

On August 16, 1995, the Debtors filed a Request for Sanctions which alleges that Mercantile Bank violated the automatic stay. A hearing was held on September 25, 1995, and the parties agreed that the material facts were not in dispute.

The Debtors argue that the Bank's foreclosure action violates the automatic stay of 11 U.S.C. § 362(a)(1) and (3) because it directly interferes with their Chapter 12 proceeding. They note that the Bank was aware of their tenancy and the fact that their Chapter 12 Plan proposes to pay the Bank's debt in full. The Debtors assert that the foreclosure action is an attempt to take possession of property of the bankruptcy estate in violation of the automatic stay.

The Bank responds that the foreclosure action is directed against Helen Gorham individually and not the Debtors. Ms. Gorham is equally liable with the Debtors on the debt which is the subject matter of the foreclosure action, and she is not protected by the codebtor stay of 11 U.S.C. § 1201 because the codebtor stay is limited to consumer debts. The Bank points out that while the Debtors may be tenants of Ms. Gorham, they were not made parties to the foreclosure action, and the mortgage foreclosure will be subject to the rights of the Debtors as tenants in possession.

The Debtors concede that the Bank has the right to proceed with the foreclosure action against Ms. Gorham, but the Debtors insist that the Bank erred in not first moving to lift the automatic stay. The Court agrees with the Debtors that it would have been

prudent for the Bank to seek Court approval before filing the foreclosure action, but the Court finds that the failure to do so does not merit sanctions for violating the automatic stay. Ms. Gorham is not protected by the codebtor stay of § 1201, and the Bank is free to pursue its claim against Ms. Gorham. Moreover, the mortgage foreclosure does not affect the Debtors' rights under their lease with Ms. Gorham. Under the Illinois Mortgage Foreclosure Act,

> whoever takes possession can take only those rights that the mortgagor had. The Act also provides that a lease subordinate to a mortgage shall not be terminated during the pendency of a foreclosure solely by virtue of a mortgagee's entry into possession under the Act. (Ill.Rev.Stat., 1987, ch. 110, par. 15–1701(e).) ... Since the lease is not terminated when a mortgagee takes possession, both the tenant and the mortgagee are bound by its terms. The mortgagee accedes only into the shoes of the mortgagor; hence, if the mortgagor would be bound by a lease, the mortgagee in possession would also be bound.

*Kelley/Lehr & Associates v. O'Brien,* 194 Ill. App.3d 380, 388, 141 Ill.Dec. 426, 551 N.E.2d 419 (1990). A bankruptcy court reached a similar conclusion in *In re Sauk Steel Co., Inc.,* 133 B.R. 431, 436 (Bankr.N.D.Ill.1991):

> In Illinois, neither the mortgagee's entry into possession before foreclosure, nor the appointment of a receiver, automatically terminates a junior lease. Ill.Rev.Stat. ch. 110, 15–1701 (1989). After state court entry of an order for possession against a property owner, a lessee is in exactly the same position as it was in prior to such an Order.
>
> Until a debtor is named as party-defendant, a foreclosure action does not generally affect the bankruptcy estate. *In re Comcoach Corp.,* 698 F.2d 571, 574 (2nd Cir.1983).
>
> The automatic stay prohibits actions against the debtor, the property of the debtor, and the property of the estate. 11 U.S.C. § 362(a). Since the foreclosure action in the instant case was not against the Debtor ... there was no violation of the automatic stay.

For the foregoing reasons, the Debtors' Request for Sanctions against Mercantile Bank of Illinois is denied.

This Opinion is to serve as Findings of Fact and Conclusions of Law pursuant to Rule 7052 of the Rules of Bankruptcy Procedure.

See written Order.

### ORDER

For the reasons set forth in an Opinion entered this day,

IT IS THEREFORE ORDERED that Debtors' Request for Sanctions against Mercantile Bank of Illinois be and is hereby denied.