**SOUTHERN BOULEVARD, INC.**
**d/b/a, Persuasion Ladies'**
**Stores, Appellant,**

v.

**MARTIN PAINT STORES, A**
**Partnership, Debtor–**
**Appellee.**

**In re MARTIN PAINT STORES,**
**A Partnership, Debtor.**

**No. 96 Civ. 6499 (PKL).**

United States District Court,
S.D. New York.

March 12, 1997.

Gold & Wachtel, L.L.P., New York City (John H. Reichman, of counsel), for Appellant.

Siegel, Sommers & Schwartz, L.L.P., New York City (James A. Beldner, of counsel), for Debtor–Appellee.

LEISURE, District Judge:

This appeal arises out of the assumption and assignment of debtor-appellant's unexpired lease. The United States Bankruptcy Court for the Southern District of New York approved the sale by auction of a lease held by debtor-appellee Martin Paint Stores to Pretty Girl, Inc., a women's apparel retailer. The lessor, Feldco Realty Company, and appellant Southern Boulevard, Inc. d/b/a Persuasion Ladies' Stores—the tenant of the store adjoining the Martin Paint Stores space—objected to the assumption and assignment on the basis of a use clause in the assigned lease and a non-competition clause contained in appellant's lease.

The Bankruptcy Court overruled the objections and approved the assignment of the lease, holding (1) that appellant lacked standing to challenge the assumption and assignment; and (2) that the lessor, which did, have standing, failed to demonstrate harm from the abrogation of the use clause. Appellant brings this appeal, (1) challenging the Bankruptcy Court's holding that it lacked standing; (2) asserting that it should have been allowed to intervene; (3) claiming that it was denied due process by the Bankruptcy Court's decision; and (4) challenging the merits of the holding below as to approval of the assumption and assignment. For the reasons stated in the following, the holding below is affirmed.

## BACKGROUND

Debtor-appellee Martin Paint Stores ("Martin Paint") operated a store retailing home improvement products, on premises (the "Premises") leased to it by Feldco Realty Company ("Feldco"), in the building at 947 Southern Boulevard in the Bronx, New York (the "Building"). Appellant Southern Boulevard, Inc., which does business as Persuasion Ladies' Stores ("Persuasion"), is a women's clothing retailer that also leases space in the Building from Feldco. Persuasion occupies the store adjacent to the Premises. In 1995, Martin Paint filed in the United States Bankruptcy Court for the Southern District of New York, the Honorable Stuart M. Bernstein presiding, for reorganization under Chapter 11 of the Bankruptcy Code (the "Code"). As part of the liquidation of its assets, Martin Paint petitioned the Bankruptcy Court for leave to assume and assign its unexpired non-residential lease on the Premises (the "Lease"), pursuant to section 365(d) of the Code.

On May 29, 1996, the Bankruptcy Court ordered the sale of the Lease at auction. The auction proceeded on June 19, 1996, and the highest—and only—bidder was Pretty Girl, Inc. ("Pretty Girl"), which bought the Lease for $75,000, with $35,000 of the purchase price to be paid to Feldco and the rest to Martin Paint's creditors. Pretty Girl, like Persuasion, is a retailer of women's apparel. The Bankruptcy Court then notified Feldco of Pretty Girl's purchase of the Lease, and gave the landlord until June 21, 1996 to raise any objections to the assumption and assignment. On June 20, 1996, Feldco, through one of its principals, William Feldman, appeared before the Bankruptcy Court to object to the assumption and assignment of the Lease on the grounds that assignment to Pretty Girl would violate both the use clause in the Lease and a clause in the lease held by Persuasion.

Specifically, the Lease states that the Premises are to be used as a store selling paint, hardware, and related products. Furthermore, Feldco's lease to Persuasion con-

tains a clause prohibiting Feldco from leasing other space within the Building to a tenant "who sells ladies' clothes exclusively." *In re Martin Paint Stores,* 199 B.R. 258, 261 (Bankr.S.D.N.Y.1996) (quoting from Persuasion's lease) (internal quotation marks omitted). After learning of the proposed assignment of the Lease, Persuasion instituted suit in New York state court to enjoin Feldco and Pretty Girl from operating a women's apparel retail store at the Premises, and filed objections in the Bankruptcy Court. The Bankruptcy Court considered the parties' briefing on the issue of standing, and held a hearing on July 17, 1996 for further argument. At that hearing, the Bankruptcy Court held that Persuasion's state court action was subject to the automatic stay under Code section 362. The court declined to "make a broad determination regarding standing," but stated that it would hear Persuasion's objections, and scheduled another hearing to be held on July 24, 1996. Appellant's Brief at 7–8 (quoting Tr. at 23).

At that hearing, one of Persuasion's principals, Nathan Cohen, testified as Persuasion's sole witness. Cohen testified that, based on his forty years' experience in the retail women's clothing business, he felt that the presence of a direct competitor in the adjoining store would cause Persuasion to go out of business. He further testified about the store's loss of sales in the recent period, which he attributed to the opening of another nearby competitor in the past year. Finally, Cohen testified about what he saw as Pretty Girl's particular advantages, namely: (1) that it manufactures much of the clothing it retails and in fact sells clothing to Persuasion; (2) that it runs a chain of stores in New York; and (3) that it would have better access to foot traffic from a nearby subway station because pedestrians walking toward the Building from the subway would see the Pretty Girl store before they reached the Persuasion store.

At a final hearing held on July 31, 1996, Judge Bernstein read a ruling from the bench. As to Persuasion's standing, the court stated that no ruling was necessary because Feldco undeniably had standing and Feldco and Persuasion's objections could be considered jointly. The court concluded that assignment of the lease to Pretty Girl would not result in any financial or legal prejudice to Feldco or in any material adverse consequence to Persuasion. Specifically, Judge Bernstein noted that Persuasion's evidence of prospective harm resulting from Pretty Girl's presence was "speculative and anecdotal" and that the presence of three other competitors in the vicinity tended to contradict Persuasion's position that the addition of Pretty Girl would drive it out of business. Appellee's Brief at 6 (quoting Tr. at 17).

On August 6, 1996, the Bankruptcy Court issued its formal written ruling, finding that Persuasion lacked standing to challenge the assignment, and approving the assumption and assignment over Feldco's objections. The court found that Persuasion lacked independent standing, on the grounds that it was not a party in interest under the Code because it lacked a legally protected interest affected by the bankruptcy proceeding. *See In re Martin Paint Stores,* 199 B.R. at 263. The opinion went on to rule on the merits of Feldco's objections to the assumption and assignment, considering the evidence offered by Persuasion as well as that of Feldco. The court held that the two possible situations constituting potential prejudice to the landlord arising from the assignment were not likely to occur. First, the court stated, Feldco did not show that the assignment was likely to cause Persuasion to become unable to pay its rent to Feldco, because, for the reasons stated in the July 31, 1996 oral ruling, it had not been shown that Persuasion's business would suffer detriment as a result of competition from Pretty Girl. Second, the court held, Feldco would not suffer prejudice on the grounds of its duty under Persuasion's lease not to rent space in the Building to other women's clothing retailers. Feldco, the court observed, would have an impossibility defense to any action by Persuasion on the basis of that clause of its lease.

Persuasion appeals the holding below, arguing: (1) that it has standing as a party in interest; (2) that even if it lacked standing, the Bankruptcy Court should have allowed it to intervene pursuant to Bankruptcy Rule 2018(a); (3) that the Bankruptcy Court's de-

nial of Persuasion's standing resulted in a deprivation of property without due process of law by denying it a meaningful opportunity to be heard; and (4) that the assumption and assignment should not have been approved because it will cause substantial harm to appellant as well as to Feldco.

## DISCUSSION

The Court reviews legal issues *de novo*, but must accept as true the findings of fact of the Bankruptcy Court, unless such findings are clearly erroneous. *See* Fed. R. Bankr. Proc. 8013; *Brunner v. New York State Higher Educ. Servs.*, 831 F.2d 395, 396 (2d Cir.1987) (per curiam).

### I. *Standing*

■ "In essence the question of standing is whether the litigant is entitled to have the court decide the merits of the dispute or of the particular issue," and standing is "the threshold question in every federal case." *Warth v. Seldin*, 422 U.S. 490, 498, 95 S.Ct. 2197, 2205, 45 L.Ed.2d 343 (1975). Thus, although section 1109(b) of the Code provides that a "party in interest" may appear and be heard on any issue, a party claiming to be a party in interest must still satisfy the general requirements of the standing doctrine. *See In re James Wilson Assocs.*, 965 F.2d 160, 169 (7th Cir.1992). The doctrine of standing "embraces several judicially self-imposed limits on the exercise of federal jurisdiction, such as the general prohibition on a litigant's raising another person's legal rights, . . . and the requirement that a plaintiff's complaint fall within the zone of interests protected by the law invoked." *Allen v. Wright*, 468 U.S. 737, 751, 104 S.Ct. 3315, 3324, 82 L.Ed.2d 556 (1984).

■ Appellant grounds its claim of standing on its contention that it is a "party in interest" under section 1109(b) of the Code. The term "party in interest" is broadly interpreted, but not infinitely expansive. *See* 7 *Collier on Bankruptcy* ¶ 1109.03 (Lawrence P. King ed., 15th ed. rev.1996). Its meaning in a particular case depends upon the purposes of the Code provision in question. *See Roslyn Sav. Bank v. Comcoach Corp. (In re Comcoach Corp.)*, 698 F.2d 571, 573 (2d Cir. 1983). In *Comcoach*, the Court of Appeals for the Second Circuit held that the term "party in interest," for the purposes of lifting an automatic stay under Code section 362, includes only the debtor and its creditors. A creditor, under the Code, is one who has a claim *against the debtor* or the estate. *See id.* at 574. The concept does not, according to the Second Circuit, encompass a creditor of one of the debtor's creditors. *See id.* (citing *In re Tour Train Partnership*, 15 B.R. 401, 402 (Bankr.D.Vt.1981)). Such a party may be deeply concerned about the bankruptcy proceeding, since the debtor's ability to pay its creditor may affect the creditor's ability to pay, in turn, its creditor. But the party's legal rights and interests can only be asserted against the debtor's creditor, not against the debtor, and hence it is not a "party in interest" under the Second Circuit's view of section 1109.[1]

■ Appellant's stature with respect to the instant assumption and assignment is analogous to that of the creditor of a debtor's creditor. Persuasion has no legal interest, claim, or right that it asserts against Martin Paint. Instead, it only asserts (1) its own rights against Feldco, based on its lease provision requiring that Feldco not rent to a direct competitor; and (2) Feldco's rights against Martin Paint, based on the use clause of the Lease. Neither of these "interests"

---

1. Appellant argues that the Second Circuit has thrown its holding in *Comcoach* into question by holding that any " 'person aggrieved'—a person 'directly and adversely affected pecuniarily by' the challenged order of the bankruptcy court" has standing to appeal the order. *International Trade Admin. v. Rensselaer Polytechnic Inst.*, 936 F.2d 744, 747 (2d Cir.1991) (quoting *In re Cosmopolitan Aviation Corp.*, 763 F.2d 507, 513 (2d Cir.1985)) (citations omitted in *Rensselaer Polytechnic* ). This case, as well as others cited by appellant, *see e.g.*, Appellant's Brief at 11 (citing *Johnson v. E.C. Ernst, Inc. (In re E.C. Ernst, Inc.)*, 2 B.R. 757, 760 (S.D.N.Y.1980)), address appellate standing and are inapposite to the question of Persuasion's status as a party in interest. It is riot contended that Persuasion lacks appellate standing—that is, standing to pursue the instant appeal—but that it lacked standing to object to the assumption and assignment in the first instance.

suffices to establish standing. As to the first "interest" asserted, Persuasion's rights vis-a-vis Feldco under the non-competition clause of its own lease are not properly brought in proceedings against Martin Paint, and at any rate are not "within the zone of interests protected by the law invoked," in this case Code section 365.[2] *Allen,* 468 U.S. at 751, 104 S.Ct. at 3324. As to the second "interest," Persuasion cannot establish standing by "raising another person's legal rights." *Id.* In short, Persuasion is not a party to and has no rights arising under or in connection with the Lease, and therefore lacks standing to object to the assumption and assignment of the Lease.

## II. *Permissive Intervention*

■■■ Persuasion next argues that, even if it lacked standing, the Bankruptcy Court should have allowed it to intervene, pursuant to Bankruptcy Rule 2018(a). Rule 2018(a) provides that "[i]n a case under the Code, after hearing on such notice as the court directs and *for cause shown, the court may permit* any interested entity to intervene." Fed. R. Bankr.P. 2018(a) (emphasis added). The court below acted within its discretion in declining to allow Persuasion to intervene. Permissive intervention provides the Bankruptcy Courts with a mechanism to allow entities that do not technically qualify as "parties in interest" to participate in proceedings when such participation is necessary to protect the entities' interests. *See* 7 *Collier on Bankruptcy* ¶ 1109.03[4]. The factors to be considered include whether intervention would result in undue delay or prejudice, and whether the proposed intervenor's interests are adequately represented by a party already present in the case. *See, e.g., In re Longfellow Indus., Inc.,* 76 B.R. 338, 341 (Bankr.S.D.N.Y.1987).

Appellant urges that its interests were not adequately represented because Feldco, which under the assignment would receive $35,000 of the proceeds of the sale, had interests adverse to Persuasion's. It is true that Feldco cannot stand in Persuasion's shoes and all of Persuasion's interests are not shared by Feldco. However, to the extent that Persuasion had objections to the assumption and assignment, those interests were represented adequately by Feldco's objections. Feldco's objections were based on the same lease clauses Persuasion invokes— the use clause in the Lease and the non-competition clause in Persuasion's lease. The effect of the proposed assignment on both of those clauses, including the court's finding as to the likely effect of the assignment on Persuasion's business, is addressed at length in the opinion below. Thus, it does not appear that, even if Persuasion had been allowed to intervene formally, the result or reasoning would be significantly changed. Moreover, as is clear from the facts that Persuasion appeared at several hearings and that Persuasion's evidence was presented and considered in the holding below, Persuasion itself was represented in the proceedings, even though formal intervention was ultimately denied.

---

2. The primary aim of section 365, which governs the assumption and assignment of executory contracts and unexpired non-residential leases, is to "assist in the debtor's rehabilitation or liquidation." Report of the Comm. on the Judiciary, Bankruptcy Law Revision, H.R.Rep. No. 95–595, at 348 [hereinafter House Report]. Subsection 365(f)(2)(B) requires that any default in a lease be cured and that "adequate assurance of future performance by the assignee" be provided. The aim of this provision is to ensure that the debtor's landlord receives the full benefit of its bargain. *See* House Report at 348; *In re U.L. Radio Corp.,* 19 B.R. 537, 542–43 (Bankr.S.D.N.Y. 1982).

Even subsection 365(b)(3)(C)—which governs the meaning of "adequate assurance" in the special circumstances of the assignment of a lease on space within a shopping center—although it refers to terms such as radius, location, use, or exclusivity in the leases held by tenants other than the debtor, does not focus on the rights of other tenants to enforce their lease terms. Rather, the so-called shopping center provisions appear to be intended to protect the shopping center landlord's ability to collect rent from its other tenants. The shopping center provisions are inapplicable to the case at bar, given that it is undisputed that the Building is not a shopping center within the meaning of the statute.

Thus, the interests protected by the statute in question are the debtor's interest in liquidating its unexpired lease and the debtor's landlord's interest in continuing to collect rent under that lease. A lease held by a third party and stranger to the bankruptcy is not encompassed by the applicable statute.

### III. *Due Process*

Finally, appellant argues that a holding that it did not have standing to challenge the assumption and assignment of the Lease constitutes a deprivation of property without due process of law. "[S]ome form of hearing is required before an individual is finally deprived of a property interest," and the "fundamental requirement of due process is the opportunity to be heard 'at a meaningful time and in a meaningful manner.'" *Mathews v. Eldridge,* 424 U.S. 319, 333, 96 S.Ct. 893, 902, 47 L.Ed.2d 18 (1976) (quoting *Armstrong v. Manzo,* 380 U.S. 545, 552, 85 S.Ct. 1187, 1191, 14 L.Ed.2d 62 (1965)). Persuasion urges (1) that it had a property interest in the enforcement of the use clause in the Lease and of the non-competition clause contained in its own lease; and (2) that the Bankruptcy Court failed to consider its arguments on the standing issue and on the merits of the assumption and assignment, and thus failed to accord Persuasion a meaningful opportunity to be heard.

Persuasion boldly asserts that "the Bankruptcy Court blindly decided [that] it should consider the interest of the debtor and creditors, without taking into account the harm or injury to third parties" like appellant. Appellant's Brief at 18. Appellant's argument does not convince this Court that Judge Bernstein did not seriously and fully consider appellant's arguments as to standing and on the merits of the assumption and assignment. As discussed above, this Court agrees with the Bankruptcy Court that Persuasion lacks standing. More to the point, as far as appellant's due process argument is concerned, Judge Bernstein's careful and well-reasoned opinion—not to mention the fact that he held three hearings at which Persuasion appeared, argued, and presented evidence and testimony—demonstrates that, far from having been deprived of a property interest without due process of law, Persuasion (1) has not clearly been deprived of a property interest, and (2) was given a fair and adequate opportunity to be heard as to standing and as to the merits of its objections, and to present evidence with respect to its objections.

First, it is not clear that Persuasion was deprived of a property interest. As stated previously, Persuasion only asserts its own contractual rights against Feldco and Feldco's contractual rights against Martin Paint. The holding below does not dispose of any of Persuasion's claims or rights against Feldco.[3] As for Feldco's rights under the use clause in the Lease, it certainly cannot be argued that Persuasion has any property interest in that contract. Second, and perhaps more important, the record below is replete with evidence of the process enjoyed by Persuasion despite its lack of a clear property interest at stake in the proceedings. Persuasion's objections *were* in fact heard "at a meaningful time and in a meaningful manner." *Id.* Far from having been denied due process, Persuasion appears to have been accorded more process than it was perhaps due.

Because this Court has determined that appellant lacked standing to raise objections below, this court need not consider Persuasion's arguments with regard to the holding on the merits of the assumption and assignment of the Lease.

### CONCLUSION

For the reasons stated above, the holding of the Bankruptcy Court is HEREBY AFFIRMED.

**SO ORDERED.**

---

**3.** Although Judge Bernstein observed that Feldco would have an impossibility defense with regard to a claim for breach of the non-competition clause in Persuasion's lease, the opinion can hardly be characterized as an adjudication of that question.