# United States Bankruptcy Appellate Panel
## FOR THE EIGHTH CIRCUIT

———

No. 11-6083

———

|  |  |  |
|---|---|---|
| In re: | * | |
|  | * | |
| Kent D. Bushnell, | * | |
|  | * | |
| Debtor. | * | |
|  | * | |
| Kent D. Bushnell, | * | Appeal from the |
|  | * | United States |
| Debtor - Appellant, | * | Bankruptcy Court for the |
|  | * | District of Nebraska |
| v. | * | |
|  | * | |
| Bank of the West, | * | |
|  | * | |
| Movant - Appellee. | * | |

———

Submitted: April 25, 2012
Filed: May 8, 2012

———

Before KRESSEL, Chief Judge, SCHERMER and FEDERMAN, Bankruptcy Judges

SCHERMER, Bankruptcy Judge

-1-

The debtor, Kent D. Bushnell (the "Debtor"), appeals an order of the United States Bankruptcy Court for the District of Nebraska,[1] granting relief from the automatic stay to Bank of the West. We have jurisdiction over this appeal from the final order of the bankruptcy court. *See* 28 U.S.C. § 158(b). For the reasons set forth below, we affirm.

## ISSUE

The issue on appeal is whether the bankruptcy court properly granted relief from the automatic stay to Bank of the West to exercise its rights under state law with respect to real property that it purchased at a foreclosure sale.

## BACKGROUND

In February 2011, Bank of the West, a second lienholder, purchased the Debtor's home (the "Premises") at a foreclosure sale. Thereafter, on August 25, 2011, the County Court of Douglas County, Nebraska, entered an Order of Restitution in favor of Bank of the West. A Writ of Restitution was served on the Debtor and a lockout was completed on September 26, 2011. Since the date of the lockout, the Debtor has reentered the Premises.

On November 1, 2011, the Debtor filed a voluntary petition for relief under Chapter 13 of Title 11 of the United States Code (the "Bankruptcy Code"). Shortly thereafter, Bank of the West filed a motion seeking relief from the automatic stay to allow it to evict the Debtor from the Premises under state law. In the stay relief motion, Bank of the West stated that "[t]he [D]ebtor has no interest in the subject real estate." Bank of the West submitted an affidavit of its Assistant Vice President in support of its motion. The Debtor filed his response to the motion for relief from the stay, together with a declaration by the Debtor, a copy of Amended Declarations

---

[1]     The Honorable Thomas L. Saladino, Chief United States Bankruptcy Judge for the District of Nebraska.

-2-

regarding an insurance policy and a copy of the complaint he filed to commence an Adversary Proceeding (defined below).

Between the time when Bank of the West filed its stay relief motion and the time the motion came before the bankruptcy court for hearing, the Debtor commenced an adversary proceeding (the "Adversary Proceeding") against Bank of the West. According to the Debtor, the bankruptcy court should not have granted Bank of the West relief from the stay because the Debtor had a "right to recover the [Premises] in the bankruptcy case through an Adversary Proceeding. . . ." The Debtor claims that the foreclosure was "fraudulent," the Debtor took adverse possession of the Premises and the Debtor brought the Adversary Proceeding to settle that matter.[2] At the time of the hearing before the bankruptcy court on the stay relief motion, the Debtor lived at the Premises. The bankruptcy court accepted as true the testimony set forth in the affidavit submitted by Bank of the West in support of its motion for relief from the stay, determined that cause existed to lift the stay, and granted Bank of the West's request for relief from the stay.

**STANDARD OF REVIEW**

We review for an abuse of discretion a bankruptcy court's decision regarding whether to grant relief from the automatic stay. *Crossroads Ford, Inc. v. Dealer Computer Servs., Inc. (In re Crossroads Ford, Inc.)*, 449 B.R. 366, 367 (B.A.P. 8th Cir. 2011) (citing *Bowman v. Bond (In re Bowman)*, 253 B.R. 233, 237 (B.A.P. 8th Cir. 2000)). "An abuse of discretion will only be found if the bankruptcy court's judgment was based on clearly erroneous factual findings or erroneous legal conclusions." *Nat'l Bank of Arkansas v. Panther Mountain Land Dev., LLC (In re Panther Mountain Land Dev., LLC)*, 446 B.R. 282, 286 (B.A.P. 8th Cir. 2011) (citation omitted).

---

[2]     After this appeal was filed, the Debtor's Adversary Proceeding was dismissed with prejudice in March 2012.

-3-

## DISCUSSION

Bankruptcy Code §362(d) governs relief from the automatic stay. It provides, in part, that:

> (d) On request of a party in interest . . . , the court shall grant relief from the stay . . .
> (1) for cause . . .; [or]
> (2) with respect to a stay of an act against property. . . , if-
> (A) the debtor does not have an equity in such property; and
> (B) such property is not necessary to an effective reorganization.

### A.    Bank of the West was a "party in interest" under §362(d).

The Debtor's main argument is that the bankruptcy court abused its discretion by granting Bank of the West's motion for relief from the stay because Bank of the West did not prove "that it was a party in interest entitled to seek and obtain relief from the automatic stay." According to the Debtor, Bank of the West has not established that it is a creditor or that it holds any interest and, therefore, it does not have standing to seek relief from the automatic stay. The Debtor also refers to Bank of the West as not being the "real party in interest" under Federal Rule of Civil Procedure 17 based on the Debtor's claim that he is entitled to recover the Premises through his adversary proceeding. We disagree with the Debtor's analysis.

The Bankruptcy Code does not define the term "party in interest," but the Debtor does not dispute that if Bank of the West was a creditor, it would be a party in interest for the purposes of §362(d). Bankruptcy Code §101(10) defines a "creditor," in pertinent part, as an "entity that has a claim against the debtor that arose at the time of or before the order for relief. . . ." In turn, Bankruptcy Code §101(5)(B) includes in the broad definition of a claim a "(B) right to an equitable remedy for breach of performance if such breach gives rise to a right to payment, whether or not

-4-

such right to an equitable remedy is reduced to judgment, fixed, contingent, matured, unmatured, disputed, undisputed, secured or unsecured." 11 U.S.C. §101(5)(B).

Bank of the West held a right to an equitable remedy for breach of performance, and that breach of performance gave rise to a right to payment. Before the Debtor filed his bankruptcy petition, Bank of the West purchased the Premises at a foreclosure sale and obtained an Order of Restitution and a Writ of Restitution from the state court. Notwithstanding Bank of the West's ownership of the Premises and the Order and Writ of Restitution, the Debtor failed to comply with his obligation to vacate the Premises. Moreover, Bank of the West was certainly entitled to payment as compensation for the Debtor's failure to vacate and unauthorized use of the Premises.

Regardless of whether it was a creditor, Bank of the West qualified as a party in interest under §362(d) because its interest as owner of the Premises was adversely affected by the stay. *See, e.g. In re Woodberr*y, 383 B.R. 373, 378 (Bankr. D.S.C. 2008) (quoting *Vieland v. First Fed. Sav. Bank (In re Vieland),* 41 B.R. 134, 138 (Bankr. N.D. Ohio 1984) ("'a party in interest' under [§]362(d) must be determined on a case by case basis with reference to the interest asserted and how said interest is affected by the automatic stay.")); *In re Cowan*, 235 B.R. 912, 915 (Bankr. W.D. Mo. 1999) (citation omitted)(determination of party in interest status under Bankruptcy Code dependent on factual context)*; but see, e.g.*, *Roslyn Sav. Bank v. Comcoach Corp. (In re Comcoach Corp.*), 698 F.2d 571, 573 (2d Cir. 1983) (only creditors and debtor could seek stay relief). Bank of the West was prevented from enforcing its rights against the Debtor under the Order of Restitution and Writ of Restitution. Simply stated, the Debtor interfered with Bank of the West's right to possession of the Premises.

The Debtor's argument that Bank of the West was not the "real party in interest" is also flawed. In substance, the Debtor's real party in interest argument

appears to be an attack on the foreclosure sale and the Order of Restitution; specifically, that the state law foreclosure sale was fraudulent and invalid, the restitution order was obtained by fraud and, therefore, the Debtor remains the rightful owner of the Premises. The Debtor claimed that he sought to remedy these matters through his Adversary Proceeding. The validity of the foreclosure sale and award of restitution of the Premises are state law matters that the Debtor did not challenge in state court, that were not before the bankruptcy court on the motion for relief from the stay and that are not before us now. Moreover, the Debtor's Adversary Proceeding was dismissed with prejudice.

**B. The bankruptcy court acted within its discretion when it granted relief from the stay to Bank of the West for "cause."**

The Debtor's remaining arguments regarding why the bankruptcy court's order was made in error are unconvincing. The bankruptcy court properly reviewed the applicable evidence and determined that "cause" existed to lift the stay.

We disagree with the Debtor's claim that there was insufficient evidence to support the bankruptcy court's grant of stay relief to Bank of the West. The bankruptcy court acted within its discretion when it accepted as true the statements in the affidavit submitted by Bank of the West, and that affidavit provided sufficient evidence upon which the bankruptcy court based its decision. The Debtor claims that Bank of the West's affidavit was not properly served on the Debtor prior to the hearing on the stay relief motion, but the bankruptcy court's docket shows that the affidavit was filed and served well before the hearing. The Debtor also incorrectly argues that Bank of the West was required to file a proof of claim to substantiate its interest in this stay relief matter. But Bank of the West merely sought relief from the stay to exercise its state law rights as purchaser of the Premises; this matter does not concern any request by Bank of the West for payment from the Debtor's estate.

The Debtor maintains that the bankruptcy court's order lacked sufficient findings of fact and conclusions of law under Federal Rule of Civil Procedure 52. Rule 52(a), incorporated herein by Federal Rule of Bankruptcy Procedure 7052, provides, in pertinent part, that "the court must find the facts specifically and state it's conclusions of law separately." It also allows the findings and conclusions to "be stated on the record after the close of the evidence or [to] appear in an opinion or memorandum of decision filed by the court." The bankruptcy court clearly explained its analysis and the basis for its ruling was readily apparent to us on appeal.

Finally, the Debtor argues that the bankruptcy court's grant of relief from the automatic stay to Bank of the West was a violation of the Debtor's alleged due process right to occupy the Premises pending the outcome of his Adversary Proceeding.[3] We do not see how any alleged right of the Debtor to occupy the Premises could be violated by the bankruptcy court's grant of relief from the automatic stay. The bankruptcy court's order merely lifted the stay to allow Bank of the West to pursue its state law remedies; it did not make a substantive ruling on the Debtor's rights under state law.

## CONCLUSION

For the reasons set forth herein, we AFFIRM the decision of the bankruptcy court.

---

[3] In light of the dismissal with prejudice of the Debtor's Adversary Proceeding, the argument that the Debtor is entitled to possession of the Premises pending the outcome of the Adversary Proceeding is also moot.