16-1778-bk
In re Dunne

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 28th day of March, two thousand seventeen.

PRESENT:   REENA RAGGI,
           DEBRA ANN LIVINGSTON,
           SUSAN L. CARNEY,
                                    *Circuit Judges.*
_____
IN RE: SEAN DUNNE,
                                    *Debtor.*
_____
GAYLE KILLILEA DUNNE,
                                    *Appellant*,

           v.                                          No. 16-1778-bk

RICHARD M. COAN, Trustee,
                                    *Appellee*,

ULSTER BANK IRELAND LIMITED, NATIONAL ASSET LOAN MANAGEMENT LIMITED,
                                    *Creditors.*
_____

APPEARING FOR APPELLANT:       ALEC P. OSTROW, Becker, Glynn, Muffly, Chassin & Hosinski LLP, New York, New York.

1

APPEARING FOR APPELLEE:          TIMOTHY D. MILTENBERGER, Coan, Lewendon, Gulliver & Miltenberger, LLC, New Haven, Connecticut.

Appeal from a judgment of the United States District Court for the District of Connecticut (Jeffrey Alker Meyer, *Judge*; Alan H. W. Shiff, *Bankruptcy Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the appeal from the judgment of the bankruptcy court entered on November 25, 2015, is DISMISSED for lack of standing.

Plaintiff Gayle Killilea Dunne ("Killilea"), the wife of the Chapter 7 Debtor, Sean Dunne, appeals from the district court's affirmance of the bankruptcy court's grant of the Trustee's motion for relief from the automatic stay *nunc pro tunc* with regard to litigation commenced by the equivalent of the trustee in the debtor's Irish bankruptcy case, the "Official Assignee," against Killilea (the "OA litigation"). In addition to granting relief from the stay, the bankruptcy court ruled that Killilea lacked standing to challenge the Trustee's motion. The district court affirmed the grant of relief from the stay but declined to reach the question of Killilea's standing. Killilea here argues that she has standing to challenge the bankruptcy court's order and that the order manifests abuse of discretion in several respects.

Because standing is a question of law, our review is *de novo*, *see In re Lehman Bros. Holdings Inc.*, 761 F.3d 303, 308 (2d Cir. 2014), and because we conclude that Killilea lacks appellate standing, we dismiss her appeal, leaving in place the order of the bankruptcy court lifting the automatic stay. We assume the parties' familiarity with the

2

facts and procedural history of this case, which we reference only as necessary to explain our decision to dismiss for lack of bankruptcy appellate standing.

As this court has explained, although "[t]he current Bankruptcy Code prescribes no limits on standing beyond those implicit in Article III of the United States Constitution[,] . . . for practical reasons this Court and others have adopted the general rule, loosely modeled on the former Bankruptcy Act, that in order to have standing to appeal from a bankruptcy court ruling, an appellant must be a person aggrieved—a person directly and adversely affected pecuniarily by the challenged order of the bankruptcy court." *In re DBSD N. Am., Inc.*, 634 F.3d 79, 88–89 (2d Cir. 2011) (citations, footnote, and internal quotation marks omitted). As such, to pursue this appeal, Killilea must establish, in addition to Article III standing, that the bankruptcy court's order caused her a "direct" and "financial" injury. *See id.*; *Kane v. Johns-Manville Corp.*, 843 F.2d 636, 642 n.2 (2d Cir. 1988) (stating that this limitation is "more exacting" than Article III standing because constitutional injury in fact need not be financial and need be fairly traceable only to alleged illegal action); *see also In re Barnet*, 737 F.3d 238, 242 (2d Cir. 2013) (explaining that appellate standing rule is "rooted in a concern that freely granting open-ended appeals to those persons affected by bankruptcy court orders will sound the death knell of the orderly disposition of bankruptcy matters" (internal quotation marks omitted)).

The principal purpose of an automatic stay is to protect the debtor and "to preserve the property of the debtor's estate for the benefit of all the creditors." *In re AMR Corp.*, 730 F.3d 88, 112 (2d Cir. 2013) (internal quotation marks omitted). Killilea is neither a

3

creditor nor a co-debtor of the estate at issue. She asserts no direct pecuniary interest in the bankruptcy proceeding. Moreover, the possibility that Killilea could suffer financial injury as a result of a future adverse decision in the no-longer-stayed OA litigation is not directly attributable to the bankruptcy court order, but remote and speculative. *See, e.g.*, *In re Barnet*, 737 F.3d at 243 (stating that "potential harm" from a bankruptcy court order is inadequate for appellate standing). Indeed, the challenged stay order dictated no relief that directly and adversely affected Killilea's pecuniary interests. *See id.* (explaining that pecuniary harm required for bankruptcy appellate standing must be evident in "relief directed by a Bankruptcy Court"). Thus, the mere fact that the bankruptcy court lifted the automatic stay despite Killilea's objection is not enough, by itself, to demonstrate her direct, financial injury.[1] Accordingly, Killilea lacks standing to appeal the bankruptcy court's order, and we therefore DISMISS her appeal for lack of bankruptcy appellate standing.

> FOR THE COURT:
> CATHERINE O'HAGAN WOLFE, Clerk of Court

---

[1] While in light of our decision on appellate standing we need not address Killilea's standing in the bankruptcy court, we note that we have long held that only creditors and the debtor (or, equivalently, the trustee) have party-in-interest standing to request relief from the automatic stay or challenge a bankruptcy settlement. *See In re Refco, Inc.*, 505 F.3d 109, 116–17 (2d Cir. 2007); *In re Comcoach Corp.*, 698 F.2d 571, 573–74 (2d Cir. 1983).